## DAWSON, APPELLANT, v. COSTON, APPELLEE.

1. CONTINUANCE, SHOWING FOR.

The materiality of the testimony of an absent witness must be made to clearly appear, to authorize the granting of a continuance. And when there are no pleadings it must appear from the showing that issues will arise upon the trial upon which the testimony will be material.

2. SAME.

A showing in support of an application for a continuance on account of the absence of a witness, resident in another county, should make it appear that subpœna was issued in the manner provided for the issuance of subpœnas to foreign counties, show the residence of the witness, and the probability or expectation that his attendance can be had at a future time.

3. CONTINUANCE, DISCRETIONARY.

The granting or refusing of a continuance is largely within the discretion of the trial court, and unless it is shown that such discretion was abused its rulings will not be reversed.

4. APPELLATE PRACTICE.

In order to obtain a review of instructions, it must appear from the record that they were objected to in apt time.

5. SAME.

An assignment of error based upon the refusal to give certain instructions requested will not be considered, when it appears that other instructions were given that were not preserved in the record.

*Appeal from the County Court of La Plata County.*

ACTION in replevin.

Casper M. Coston commenced an action in replevin before a justice of the peace to recover the possession of a span of mules. On appeal to the county court the cause was tried to a jury. Verdict and judgment in favor of the plaintiff. Defendant Dawson appeals from that judgment, and assigns as error: First. The overruling of his motion for a continuance. Second. Error in giving instructions asked for by plaintiff. Third. In refusing to give the jury certain instructions asked by defendant.

Further error is assigned on the admission and exclusion of testimony.

Mr. O. S. GALBREATH and Mr. WM. E. BECK, for appellant.

Messrs. RUSSELL & MCCLOSKEY and Mr. G. Q. RICHMOND, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

We are clearly of the opinion that the first assignment of error is not well taken. The affidavit in support of the motion is insufficient in several particulars. It is insufficient in failing to show the materiality of the testimony of the absent witnesses to the issue to be tried. As was said in the case of *Hewes v. Andrews*, 12 Colo. 162:

"The materiality of the testimony of the absent witness must be made to clearly appear, to authorize the granting of a continuance. When there are pleadings in the case, the court can determine by the issues made whether the facts stated are material or not; but when, as in this case, there are no pleadings, it must appear from the showing made for the continuance that issues will arise upon the trial upon which the testimony will be material."

There is nothing in the affidavit that tends to show that the facts which affiant desired to prove by the absent witness, Koontz, would in any manner have been relevant to the question upon which the right of plaintiff to recover depended; the question being, the validity of the chattel mortgage given by Waite to C. L. Coston, and the steps taken by him in foreclosing the same and selling the property thereunder. His testimony, so far as set forth, in relation to the ownership of the mules, is but a conclusion, and not the statement of any fact. The fact of his taking from Waite a second mortgage, and his foreclosure of that mortgage and sale of the mortgaged property to defendant, Dawson, is not relevant to the issue, and if admitted would not affect the merits of this controversy.

It is stated that a subpœna was duly issued to San Miguel

county, for the witness Orrin Waite, and served in that county. It in no way appears that that subpœna was issued in the manner provided for the issuance of subpœnas to foreign counties. It contains no showing of the residence of either of the witnesses, or any probability or expectation that the attendance of either could be had at any future time.

"The granting or refusing a continuance is largely within the discretion of the trial court; and unless it is shown that the trial court has abused its discretion in such a case, the appellate court will not reverse its rulings." *Payne v. National Bank*, 16 Kansas, 147.

The second assignment of error is not tenable, for the reason that it nowhere appears from the record that the instructions complained of were objected to in apt time. That this is necessary in order to obtain a review upon such ground is fully settled by this court in several cases. *Schoolfield v. Houle*, 13 Colo. 394; *Keith v. Wells*, 14 Colo. 321; *Wray v. Carpenter*, 16 Colo. 271; *Denver & Rio Grande R. R. Co. v. Ryan*, 17 Colo. 98; *City of Durango v. Luttrell, ante*, 123.

The third assignment of error is also without merit, because "the transcript does not purport to contain all the instructions given on behalf of either party;" and it appears from this assignment of error that other instructions were given that were not preserved in the record. And we are unable to say whether the instructions given fully covered the law as stated in the instructions refused.

No exceptions are preserved to the admission or exclusion of testimony. The record fails to show any error reviewable here that could have been prejudicial to the rights of appellant. The judgment therefore will be affirmed.

*Affirmed.*