Wilson, J.,
delivered the opinion of the court.
This action was begun on a promissory note executed by defendant, Outcalt, to plaintiff, and which reads as follows :
“$589.55. Gunnison, Colo., Aug. 3, 1892.
“ Ninety days after date I promise to pay to the order of Jane R. Johnston five hundred and thirty nine 55-100 dollars, at the office -of William W. Outcalt, Gunnison, Colo., with interest at 1 1/2 per cent per annum from date until paid, and — per cent attorney’s fees, if not paid at maturity. Value received.
[Signed] “ John B. Outcalt.”
Endorsed on back: “September 15, ’94. By cash $200.”
The copy was not inserted in the complaint, and it was described as being one which provided for the payment of a certain amount as principal, with interest specified, and also a reasonable attorney’s fee in the event that it was not paid at maturity. The answer admitted the execution of the note so far as concerns the statement of principal and interest due, but denied that it provided for the payment of attorney’s fees. Defendant also, by way of cross complaint, alleged that plaintiff was indebted to him in the sum of $1,360, with interest, on an account for work and labor performed and for money laid out and expended for the use of plaintiff, and at her instance and request. Plaintiff replied by a general denial .of each and every allegation of the answer in the cross complaint.
Upon .trial, verdict and judgment were in favor of plaintiff for the full amount of principal and interest claimed to be *521 due upon the note, except the amount claimed for attorney’s fee, which was disallowed by instruction of the court. From this judgment defendant appeals.
There are fifteen assignments of error. The first is to the action of the court in overruling the motion of defendant to suppress the deposition of Mrs. Johnston, the plaintiff.
A careful search of the record before us fails to disclose any such motion. We find the order of court overruling such a motion, but not the motion itself, and hence we are not advised as to the grounds upon which it was based. Defendant filed numerous objections to certain questions and answers in this deposition, and all of them, save two, were sustained by the court. In these two instances we think the court was correct, the testimony sought to be stricken out being relevant and admissible.
Previous to the commencement of the trial, and on the same day, defendant filed a motion for a continuance, on the ground that he was not prepared to proceed with the trial because of the absence of material witnesses, and in support thereof presented his affidavit. The overruling of this motion is assigned for error. To grant or refuse a continuance is a matter wholly within the discretion of the trial court, and can only be reviewed when the discretion has been abused. Dawson v. Coston, 18 Colo. 495.
We fail to see any abuse of discretion in this instance. The motion did not show the exercise of the required diligence, and did show that the matters expected to be proven by the absent witnesses could be shown by two others, the plaintiff and his wife. In addition to this, one of the witnesses alleged to be absent did appear and testify in behalf of defendant on the trial. The court docket appears to have been called on the first day of the term, and this cause placed upon the trial docket. It was not called for trial until the ninth day of the term, and yet it does not appear from the affidavit that defendant had made any effort to ascertain the whereabouts or secure the attendance of the absent witnesses. There is an allegation that he had endeavored to *522 ascertain their whereabouts, but he does not state in what his efforts consisted, nor when he had first learned that the witnesses were absent from the county. Defendant attempts to excuse his want of diligence by the statement that he did not know that the case would be for trial until the day previous to its commencement. This is not sufficient, for the reason that there is no claim that his counsel were absent during the previous days of the term, and knowledge by them was notice to him. The court did not abuse its discretion in refusing the continuance, especially in view of the fact that it appears from the record there was testimony on behalf of defendant at the trial as to the alleged facts desired to be shown by the absent witnesses.
The third and fourth assignments are to the effect that the court admitted improper evidence over the objections of defendant, and refused to admit proper, competent and material evidence offered in behalf of defendant. No specific evidence admitted or offered and refused is pointed out either in the bill of exceptions or in the motion for a new trial. It appears from the record that there were very few objections made to the introduction or to the offer of any testimony, and the ruling of the court upon such as were made, so far as we can see from a careful examination of the record, was substantially correct. Plaintiff was at least in riocase harmed.
Counsel for plaintiff did object to the introduction of the note in evidence, claiming that it was not the one described in the complaint. A variance is alleged, because the note, as described in the complaint, called for the payment of attorney’s fees in case of its nonpayment at maturity, and that offered in evidence did not. It is-manifest from the defendant’s answer, as also from the whole course of the trial, that the variance between the complaint and the note was not a matter of surprise or injury to the defendant, and did not in any manner affect his substantial rights. The execution of the note and defendant’s liability thereon was not denied either in the pleading or on the trial, except so far as there was a claim for attorney’s fees. The court held that the note *523 did not provide for the payment of attorney’s fees, and instructed the jury to make no allowance therefor. This instruction was followed, as appears from the amount of the verdict, and hence defendant was in no wise injured by the receipt of the note in evidence. For these reasons there was no error in this respect. Salazar v. Taylor, 18 Colo. 547.
Counsel complain in their brief that plaintiff should not have been permitted to give testimony that the improvements for the making of which defendant sought to recover in his cross, complaint were placed upon the land by Outcalt Bros., or by any person other than defendant,-such matters not having been specially plead. Defendant alleged in his cross complaint that plaintiff was indebted to him for work and labor done and money expended by him in the making of certain improvements upon plaintiff’s land. The replication was a general denial, which, of course, put in issue, among other things, the alleged fact that defendant had made these improvements. This was a material allegation, and we know of no manner by which it could have been more successfully or conclusively controverted than by showing that the improvements were placed there by other persons. It was not new matter, and the testimony complained of was relevant to the issue and competent.
The errors assigned to the giving of instructions by the court to the jury cannot be considered, for the reason that it nowhere appears from the record defendant made objection to them or to any of them. We have no hesitancy in saying, however, that, taken as a whole, they were very clear and correct, and none were of such character as to give plaintiff any just or legal cause of complaint.
There was much conflict of testimony (and, as usual in litigation between relatives, much bitterness of feeling was exhibited), but the evidence was amply sufficient to sustain the verdict and judgment. In such case, it is well settled that an appellate court will not interfere. This has been so frequently held by this and the supreme court that it is unnecessary to assign the reasons therefor or to cite authorities.
*524 It is further assigned as error the judgment was entered prior to the hearing and ruling upon the motion for a new trial. It does not appear that defendant prayed a stay of judgment until the motion could be heard, and code, sec. 224, expressly provides that the entry of judgment shall not prejudice any motion for a new trial made in due time. The motion was made, heard and determined in apt time, and there is no attempt to show that defendant* was prejudiced by the previous entry of judgment.
During the trial there was an attempt on the part of the plaintiff to impeach the character of defendant for truth and veracity, and two witnesses were introduced on that point. The defendant, in surrebuttal, produced and examined four witnesses in support of his character. His counsel then announced that three other witnesses were “ on their way to the court house, to testify to the reputation of defendant,” and that they desired to introduce them. The court announced that it would not hear any more witnesses on that subject, “ because four is enough on the question, in view of the fact that that is more than was introduced by the other side.” Defendant excepted to this, and assigned such ruling as error. It rests largely in the discretion of the court as to how many witnesses may be allowed to testify on a given point. If it were otherwise, the length of a trial could be protracted to an unreasonable and unwarrantable extent, and the time of the court consumed by the useless and unnecessary reiteration of testimony. There was no abuse of the discretion in this instance, and the court did not err in its action, even if the witnesses had been present in the courtroom.
It is further urged that the court erred in overruling the motion of defendant for a new trial. All of the grounds set forth in the motion have been referred to in this opinion, except three, and these were surprise, newly-discovered evidence and misconduct of the jury. The evidence pointed out in the affidavit of defendant in support of his motion as that which was a surprise does not appear to have been very *525 material to the issues, but, even if it had been, defendant did not, at the time of its introduction, indicate to the court that it was a surprise, or ask for time within which to secure evidence to rebut it, or for a continuance.
In the opinion in The Lee-Clark-Andreesen Company v. Yankee, ante, p. 443, rendered at the present term of this court, it was said: “ The plaintiff waived its surprise by its own neglect, failure or refusal to invoke its proper remedy, and this court will not undertake to interfere with the discretion of the trial court in refusing to grant a new trial in such case.” It is well settled that a party cannot avail himself of this plea unless he calls the attention of the court to the matter at the time when it occurs and asks for proper relief. It is too late for him to manifest his surprise for the first time after the cause has been submitted to the jury and a verdict rendered against him.
As to the newly-discovered evidence set forth in defendant’s affidavit, it was such as he should have been prepared with at the trial, it being pertinent to the issues. Besides, there was on the trial testimony offered and received in his behalf of the same character as that described in his affidavit as newly-discovered evidence. It also does not appear from the affidavit in support of the motion that, with the exercise of reasonable diligence, defendant could not have secured the attendance of the witnesses mentioned, who, he asserts, would have testified to the facts which he terms “newly-discovered evidence.”
The only allegation of fact to support the charge of misconduct of the jury which merits notice is that one of the witnesses for plaintiff, who seemed to manifest much interest in the suit, did, during a recess of the court, during the trial, invite two of the jurors to drink with him at a public bar, and that, upon such invitation, said jurors did drink intoxicating liquors with him. Without determining the question as to whether this would be sufficient ground upon which to grant a new trial, unless it further appeared by positive testimony or reasonable inference from the circumstances that the de *526 fendant was prejudiced thereby, it is sufficient to say that the allegation is not supported by the affidavits. The charge was made in the affidavits of two persons, but afterwards one of these, in a subsequent affidavit, modified his statement to the effect that he did not intend to say that he saw the witness purchase any liquor for any of said jurors, and that in fact he did not see any such occurrence during the trial. Each of the two jurors and the witness who was charged with treating them made affidavit positively denying this statement in toto. The great weight of the testimony being against the truth of the charge of misconduct, and there being nothing in the record from which the court could infer that the defendant was in the slightest degree prejudiced by the conduct of the jurors, or any of them, or of plaintiff’s witness, the court did not err in refusing to grant a new trial on this ground.
Being unable to perceive any material error disclosed in the voluminous record before us, we must affirm the judgment, and it is so ordered.

Affirmed.