Wilson, J.,
delivered the opinion of the court.
Plaintiff Keegan is an attorney at law, and was employed as such about the contest of the will and the settlement of the estate of Owen Donnelly, deceased, to which the defendants were heirs. He brought this suit to recover an amount claimed to be due him for professional services rendered by him at their request and in their behalf in and about the contest and the business of the estate. The action was by attachment and a writ of garnishment was served upon the administrator. Defendants answered, admitting the employment of plaintiff and the performance of professional services by him, but alleging the presentation and allowance in the county court of a bill therefor, and the full payment thereof. They also filed a cross-complaint alleging that the present claim of plaintiff had • been presented for allowance in the county court and disallowed; that thereupon he had appealed to the district court by which with plaintiff’s consent the said judgment was affirmed, and that the present suit was maliciously instituted and prosecuted for the sole purpose of harassing and annoying defendants; wherefore they prayed judgment for $250 damages, and that plaintiff be enjoined *33 from further prosecuting any suit, action, or proceeding growing out of any professional or other services rendered by plaintiff at the instance of defendants. Plaintiff replied, denying the allegations of the cross-complaint, and averring that the services which were the basis of the present suit were not the same as those for which his bill had been presented and allowed by the county court. Upon the day when the cause was reached for trial plaintiff applied for a continuance, which was denied. Thereupon trial commenced and was had to the court, a jury being waived by the defendants and by the plaintiff, who personally appeared in his own behalf. Plaintiff declined to offer any testimony in support of his complaint, stating that he would pot further prosecute his suit in that court, but would appeal to the court of appeals. Defendants proceeded to prove their case, and at its conclusion judgment was rendered in their favor for the sum of one dollar on account of damages and for the costs of suit, and for the injunctive order as prayed for.
The assignments of error urged to this court are predicated upon the refusal of the trial court to grant a continuance, and upon the claim that the evidence was insufficient to support the judgment. It has become the settled rule in this jurisdiction, confirmed by repeated decisions of the highest appellate tribunals, that the action of trial courts upon applications for continuances is discretionary with them, and whilst such action is subject to review on appeal, it is reviewable only in case of manifest abuse of discretion. Dawson v. Coston, 18 Colo. 108; Michael v. Mills, 22 Colo. 440; Reynolds v. Campling, 23 Colo. 108; Outcalt v. Johnston, 9 Colo. App. 519. Tested by this rule we find nothing in the record which would justify a reversal by this court on that ground of error.
The material portion of plaintiff’s affidavit-in support of his motion for a continuance, after alleging the absence from the state of his counsel, Mr. Thomas D. Adams, on account of the illness of his wife, was as follows:
“That the said Thomas D. Adams, Esq., has in his posses *34 sion all the documents and papers in this case, upon which plaintiff relies to substantiate his claim, and the same cannot be found at the office of the said Thomas D. Adams, Esq., and their whereabouts are unknown to this plaintiff; that without said papers and documents, and without the advice and counsel of the said Thomas D. Adams, Esq., his said attorney, this plaintiff cannot safely proceed to trial, and by reason of the said papers and documents not being in the possession of this plaintiff he cannot advise with other counsel; that said papers and documents consist of powers of attorney from defendants herein to this plaintiff, and correspondence between defendants herein and this plaintiff, and between this plaintiff and the consul of the United States of America at Belfast, Ireland, showing the authorization and employment of this plaintiff as the attorney for defendants in the matter of the estate of Owen Donnelly, deceased, in the county court of Arapahoe county, Colorado, upon which services, as said attorney, this action is based.”
Whilst trial courts will and ordinarily should be lenient as to continuances on account of the necessary and unexpected absence of counsel, yet before an appellate court will hold the refusal to permit a delay to be an abuse of discretion, it must reasonably appear that the complaining party was, or might have been, prejudiced thereby. In this case the contrary presumption prevails. There was nothing in the affidavit, nor in the nature of the suit, to suggest that the presence of Mr. Adams was essential or necessary to the vindication of the plaintiff’s rights, or that his absence might be detrimental to those interests. The suit was the simplest form of an action, — in debt upon a book account, — and the plaintiff being himself a licensed and practising attorney at law, the court had a right to assume that he was capable of conducting his own case.
As to the absence of papers and documents, there was no attempt to show any effort to find them, nor that, if found, they were either relevant to the question at issue, or material, or would have been admissible in evidence on the trial. The *35 powers of attorney may or may not have been competent evidence. The presumption is that they were not necessary to sustain plaintiff’s case, because his employment was not denied. The correspondence with defendants was presumably not material, because he sued upon a quantum meruit, not upon an express promise to pay a specific sum. Upon what ground the correspondence between plaintiff and the consul of the United States at Belfast would have been admissible in evidence, the affidavit is silent, and we cannot conceive. Plaintiff should have set up the facts to show, if possible, that it was both material and competent.
The conduct of the plaintiff at the trial was not such as to commend itself to this court in the consideration of the alleged error. His curt refusal to offer any testimony in support of his complaint was not fair treatment to the trial court. Surely he had a better knowledge than any one else of the services rendered by himself and for which he claimed compensation. If he had made an effort to present his case, had testified himself, and at any stage of the proceedings it had developed that the presence of his attorney was necessary to protect his rights, or that any of the missing documents were important or material in the determination of the controversy, the court would probably have granted the required delay. In any event, he would then have been in a better position to have invoked the interposition of this court.
We see no error in the denial of the application for a continuance, and the evidence being amply sufficient to support the judgment, it will be affirmed.

Affirmed.