Wilson, J.
The defendant corporation owned and operated a coal mine or mines in Gunnison county during the years 1895 and 1896. The plaintiff Davis conducted the mine boarding house, at which the miners and employés of the company boarded. The custom seems to have been that on the first of each month the plaintiff would render a statement of his account for board of the various employés to the company, which would pay it, presumably, according to general usage in such cases, deducting the several amounts from the wages earned by the men. In February, 1898, the plaintiff commenced a suit against the company to recover the sum of $366, together with interest thereon from January 1, 1897, alleged to be due on account of work and labor performed and provisions, board and material furnished by the plaintiff to the defendant company, at its special instance and request, between February 1, 1895, and January 1,1897. On the same day, summons was issued and personally served upon the treasurer of the company. Within ten days thereafter, defendant appeared and filed answer, making a general denial. On March 17, following, plaintiff filed an amended complaint, in which it was alleged that between the dates mentioned in the original complaint, he had performed labor and furnished board, etc., to the defendant of the total value of 11,733.20, of which defend *374 ant had paid only the sum of §1,367.20, leaving as a balance due'the sum of $366, being the same amount specified in the original complaint. Within four daj^s thereafter, the defendant filed an answer, making a general denial to this amended complaint. On April 9, a stipulation signed by the attorneys for both parties was filed, providing that service of notice of trial was waived. On April 19, the regular term of court for Gunnison county was convened according to law, and there was taken up an application on the part of the defendant for a continuance. This was supported by an affidavit, the only material portion of which, upon which the court could have based an order of continuance was to the effect that one George Foster, who was superintendent of the company during the times complained of by plaintiff, was absent from the state, and that if he were present he would testify that he had notified the plaintiff that the company would not be responsible for the board of any of the men who were employed under one Biebel in the construction of a spur track at the mine, to which the greater portion of the claims sued for relates. Upon the hearing, counsel for plaintiff, in open court, admitted that if Foster were present he would testify to the matters as stated in the application for a continuance, and that such matters might be admitted as his testimony on the trial of the cause. Whereupon, the application for a continance was denied. On April 23, the cause being regularly reached, was taken up for trial and a jury impaneled, both parties appearing by their attorneys. The verdict of the jury was for the amount claimed by plaintiff, and judgment was entered accordingly.
The first error assigned and insisted upon by defendant is that plaintiff was permitted to amend his complaint and change his cause of action, as he alleges, from his suit for $366 worth of work, labor, etc., no part of which he alleges was paid, to an action for some $1,733.20, of which he claims $1,367.20 was paid. We see no force in this contention. The sum claimed was the same in each complaint, the only difference being that in the amended complaint the plaintiff *375 saw fit to set forth the total amount of all the debits and all the credits during all of the time that he had done business, for or with the defendant. Even if this were error, it was waived by defendant appearing and filing an answer to the amended complaint.
Defendant also contends that the court erred in denying the motion for a continuance. We see no. force in this. The granting or refusing of a continuance is within the discretion of the trial court. True, its ruling in this respect is subject to review by the appellate coprts; but, before they will reverse such ruling, it must appear affirmatively that there has been an abuse of discretion. Dawson v. Coston, 18 Colo. 495. Such does not appear here. The only material evidence set forth in the affidavit for continuance was that of the superintendent Foster, and the plaintiff expressly agreed in open court that the statements of defendant as to what it could prove by Foster might be admitted in evidence on the trial of the cause. As to the other allegations in the affidavit and motion for continuance, they were not such as would usually justify the granting of the motion and certainly a refusal on that account does not show an abuse of discretion. Besides, proper diligence was not shown. At the time when defendant’s attorney waived service of notice of trial and thereby consented to trial at any time when the cause was regularly reached on the call of the docket, he must, or should have known the testimony required for the defense and have taken some steps towards securing it.
After verdict, the defendant moved for a new trial, on the ground, among other things, of newly discovered evidence. This evidence, as disclosed by the affidavit filed in support of the motion, was that of superintendent Foster, and we do not see that it materially differs from the statement of his evidence set forth in the affidavit for a continuance, and which was admitted on the trial.
The defendant objects to the instruction given by the court which was to the effect that if the jury found that the plaintiff “ performed work and labor and furnished board to the *376 employés of the company, to the use and benefit of the defendant, amounting to the sum of $366, or any sum less, then you should find a verdict,” etc. The counsel do not argue this assignment, contenting themselves with the statement that this instruction was so manifestly erroneous as not to need argument. We presume that the objection is that the words “at.the special instance and request of defendants” were omitted from the instruction. It might be claimed that the words “ to the use and benefit” would be substantially equivalent under the circumstances disclosed by the evidence to have entitled the plaintiff to recover, because if furnished to the use and benefit of and received and used as such by the defendant, a recovery could have been had — this being equivalent to its request. Regai’dless of this, however, there was evidence amply sufficient to show that it was done at the instance and request of the defendant, and if there was error at all, it was a harmless one.
The chief dispute between the parties was in regard to the bill for the board of a number of men who were engaged under the direction of a Mr. Biebel. in building a railroad spur for the benefit of the defendant, and at its mine. Whether Biehel acted as foreman or as special contractor does not clearly appear; in any event, the work was being done for this company, and the company was to pay for it. During the course of the trial, the plaintiff was permitted to testify, over the objection of the defendant, as to what Mr. Biebel, about the time of the commencement of the work, told him superintendent Foster said in regard to the board of the men under him. Technically, this was error, but it was not prejudicial because there was testimony to the effect that superintendent Foster afterwards confirmed to plaintiff what Biebel said.
Defendant also contends that the alleged contract to pay for the board of the men working under Biebel came within the statute of frauds, and was void, because it was a promise to answer for the debt of another, and was not in writing. We do not think this contention is sustained by the record. *377 According to the weight of the evidence, the undertaking was not collateral, but primary. The company undertook in the first instance to pay the board of these men, it having control of all the funds out of which it was to be paid. Both Biebel and the men who were working under his direction, it is undisputed, were to be paid from funds coming from the defendant company and over which it had control. In this respect, the case is on “ all fours ” with one in Illinois. Coal Co. v. Liddell, 69 Ill. 639.
In addition to this, the defendant having promised to pay the amount of this board, and having control over the funds from which it was to be paid, it will be presumed, in the absence of evidence to the contrary, that it retained it, and hence it was so much money received by it to the use of the plaintiff. Such a case does not come within the statute of frauds. Hamill v. Hall, 4 Colo. App. 296.
Defendant also urges as error a failure to prove that it was a corporation. It having appeared, answered and defended at the trial, it cannot avail itself of this plea. Decorating Co. v. Ham, 3 Colo. App. 559.
Defendant further urges that there was manifest error in allowing interest upon the claim from January 1, 1897, instead of from the date of the commencement of the suit. Under the interest law, the plaintiff was entitled to interest from the time when the account was due and payable. This was a fact to be determined from the evidence. There was some evidence, as we have before stated, to the effect that the usual custom was to present these bills on the first o'f each month, when they were paid. From this fact, there is a reasonable presumption of maturity at that time. Without entering further into this question, however, it is sufficient to say that all of the evidence is not set forth in the abstract, and in the absence of this, the presumption is in favor of the regularity of the judgment. Hence we must presume, so far as questions of fact are concerned, that such were proved as were necessary to sustain the judgment.
Whilst possibly there were some technical errors committed *378 in the trial of the cause, we do not find any of sufficient gravity to materially prejudice the cause of the defendant and to justify a reversal of the judgment. It will therefore be affirmed.

Affirmed.