Maxwell, J.
Action upon an account for coal sold and delivered. ,
The only assignment of error presented or *352 argued in appellant’s brief, is based upon an order denying a motion for a continuance.
December 3, 1900, the case was set for trial on January 22, 1901. January 21, 1901, a motion for continuance and affidavits in support thereof were filed. The motion stated that John Guth, manager and treasurer of defendant corporation, was the only person connected with the defendant corporation who knew of the dealings between the corporation and plaintiff; that the testimony of Guth was material and relevant; that no other person had knowledge of the amount of coal sold and delivered by plaintiff to defendant; that plaintiff’s claim is far in excess of the actual amount due him; that Guth is not now in Lake county, being compelled to seek a lower altitude, upon the advice of his physician, on account of an attack of la grippe.
This motion was supported by the affidavit of the attending physician, to the effect, that about ten days ago he attended Guth who was suffering from an attack of la grippe and threatened pneumonia; that on account of Guth’s age, sixty years, he could not easily recuperate at the altitude of Leadville, and he recommended and advised Guth to leave Leadville for at least one month.
The affidavit of the attorney for appellant was to the effect- that, from discussions of the case with Guth, he believed that no other person than Guth knew about the dealings between the parties; that Guth is treasurer and secretary of the company and is unable to appear in court, being absent from Lake county on account of sickness; that the testimony which Guth will give is material and relevant, and will show that plaintiff’s claim is exorbitant, and that a large portion of the coal claimed to have been sold by plaintiff to appellee was never delivered.
The granting or refusing of an application for a *353 continuance is largely within the discretion of the trial court. Its ruling thereon is subject to review by the appellate courts, but before they will reverse such ruling it must affirmatively appear that there has been an abuse of such discretion. — Dawson v. Coston, 18 Colo. 493-495; Michael v. Mills, 22 Colo. 439-440; Reynolds v. Campling, 23 Colo. 105-108; Keegan v. Donnelly, 11 Colo. App. 31-33; Baldwin Coal Co. v. Davis, 15 Colo. App. 371-375.
Mills’ Ann. Code, sec. 177, provides:
“A motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it.”
There is an entire absence of any showing which brings this application within the requirements of the above-quoted section of our code.
It does not appear from the affidavits in support of the motion, that the attorney for defendant did not know of the illness of his client and witness, and his departure from the place of trial, at the time it took place. No effort was made to take the deposition of G-uth before his departure or since. Gfuth may have been absent from Lake county and at a lower altitude, and still have been within an hour’s ride, by rail, of the place of trial, and for aught that appears in the affidavit of the doctor, he might have been present at the trial without risk to his health. His deposition might have been taken by the exercise of the slightest diligence after his departure from the city.
Upon the showing made, there was not an abuse of discretion in refusing to grant the motion for a continuance.
The judgment will be affirmed.

Affirmed.