## No. 21277.

GORDON NEON CO., ET AL., *v.* VICTOR E. IACINO, ET AL.

(398 P.2d 623)

Decided January 25, 1965. Rehearing denied February 15, 1965.

FAIRCHILD and EMESON, for plaintiffs in error.

BERNARD P. O'KANE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties by name.

In February, 1964, Gordon Neon Co. obtained a writ of execution in the district court in aid of satisfaction of judgment which had previously been entered in its favor against one Joseph Prunk, the operator of a tavern in the premises owned by the Iacinos. The Iacinos also held a chattel mortgage on all the furniture and fixtures in the tavern.

The sheriff, in carrying out the mandate of the writ of execution, seized two cash registers which were being used by Prunk. The Iacinos brought action in the district court alleging ownership of the cash registers and sought damages for their wrongful taking. They also asked for injunctive relief to restrain Gordon Neon Co. from attempting to levy upon any of the other chattels in the tavern.

The trial court entered judgment of possession of the registers in favor of the Iacinos after finding that they were the owners thereof. There was an additional finding that Prunk had no right, title or interest in and to the registers. A permanent restraining order was also issued against Gordon Neon Co. as prayed for in the complaint. The claim for damages for the alleged wrongful taking was abandoned.

By this writ of error Gordon Neon Co. seeks to reverse the adverse judgment and asserts that its lien on the cash registers is superior to the chattel mortgage of the Iacinos, and contends here that the trial court erred

in failing to so find and in refusing to give effect to its levy upon them.

The main thrust of Gordon Neon Co.'s argument is based on the premise that its levy was in the hands of the sheriff on the 7th day of February, 1964, and that the Iacinos' title to the property through a claimed foreclosure of the chattel mortgage did not vest until February 13, 1964. The judgment upon which execution issued being against Prunk personally, the validity of the levy on the cash registers depended upon whether Prunk owned them at the time the execution was placed in the hands of the sheriff. The right of the Iacinos to maintain the action for possession and for a permanent injunction depended upon their having acquired the title.

Thus the only determination we need make here is whether the evidence supports a finding that Prunk was not the owner of the property at the time critical to Gordon Neon Co.'s claim to a lien and the additional finding that the Iacinos were the owners of and entitled to possession of the cash registers. With the repeated assertion from this court that we will not disturb findings of fact of the trial court if supported by competent evidence, we no longer cite authority for this appellate rule.

Evidence, the credibility of which was to be determined by the trier of the fact, was that Prunk in 1960 had executed a promissory note in the amount of $50,000.00 payable to the Iacinos and secured by chattel mortgage on the furniture and fixtures in the tavern, including the two cash registers here in controversy. There was testimony that title to the property had been twice transferred since the execution of the mortgage by Prunk, and that, on the date that the writ of execution was placed in the hands of the sheriff, title was in Lakewood Gardens, Inc., and had been for several years. Lakewood Gardens, through its officers, acknowledged itself to be the obligor on the indebtedness.

Moreover, there was testimony that through mutual

understanding the Iacinos had foreclosed on the chattel mortgage the day before the sheriff's seizure of the registers. According to the testimony adduced at the trial, Victor Iacino was actually present in the tavern asserting dominion over and claiming actual possession of the chattels at the time the sheriff appeared and carted off the two registers.

 The evidence was sufficient to support the findings of the trial court that title was not in Prunk on the date the levy was filed in the sheriff's office or on the date of the actual seizure of the registers and that the Iacinos were entitled to the possession of the registers. It is not within our province to say that the court should have found otherwise or to substitute our judgment for that of the trial judge.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE McWILLIAMS concur.