No. 20536.

ROBERT SCHWENK AND KEITH TALLEY *v.* LOUIS E. BOLIS.

(402 P.2d 643)

Decided June 7, 1965.

ROBERT P. PALMES, for plaintiffs in error.

LYLE E. MILLER, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

PLAINTIFFS in error, Robert Schwenk and Keith Talley, were defendants in the trial court, and defendant

in error, Louis E. Bolis, was plaintiff there. They will be referred to by name or as they appeared in the trial court.

Bolis' complaint against Schwenk and Talley alleged that he had rendered services as a surveyor to the defendants at their request and that, as a result, they were indebted to him in the amount of $1570.20. Schwenk and Talley denied that they, as individuals, had contracted with Bolis. They contended that Bolis' contract was rather with a corporation which they had formed. They also averred that Bolis had failed to carry out his contractual obligations.

Trial was to the court which found in favor of the plaintiff and entered judgment for him in the amount of $1200. From this judgment, Schwenk and Talley bring writ of error here. They contend that the trial court erred in finding (1) that the obligation was personal to them, and (2) that Bolis had performed all the obligations of the contract. They further assign as error the trial court's refusal to grant a continuance during the trial of the case until they could serve a subpoena upon a proposed witness.

The first two errors assigned fall squarely within the rule laid down by this Court that we will not interfere with the findings of fact made by a judge when there is evidence to support such a finding. *Gordon Neon Co. v. Iacino,* 156 Colo. 280, 398 P.2d 623. Viewing the evidence in the light most favorable to the prevailing party as we must do under the settled law of this state, *Bassford v. Cook,* 152 Colo. 136, 380 P.2d 907, we find that Bolis testified that his contract was with Talley and Schwenk individually; that he had received personal checks from Talley and Schwenk to be applied on his bill; that he had billed Talley and Schwenk individually on numerous occasions and that neither had ever protested this type of billing.

Bolis also testified that his work was to consist of surveying and platting in a certain subdivision in Arapa-

hoe County. He testified further that he did the surveying and prepared plats which were accepted by the Arapahoe County Commissioners. The defendants testifide that Bolis delayed his work for an unreasonable period of time and made mistakes in his calculations, and that because of these matters they were required to hire other persons to complete the work Bolis had contracted to do.

The trial court, after hearing all the testimony, made specific findings that the contract was with Schwenk and Talley as individuals; that Bolis had performed his contract; and that the work done by the other engineers hired by Schwenk and Talley was outside the scope of the agreement between the parties here. We cannot, on the record before us, find that the court erred as a matter of law.

In the remaining assignment of error, Schwenk and Talley contend that the trial court's refusal to suspend the trial for the purpose of permitting the defendants to subpoena a proposed witness constituted prejudicial error. We do not agree. During the course of the trial, counsel for Schwenk and Talley advised the court that a witness who had promised to appear had not done so, and that he wished a continuance in order to subpoena him. The court thereupon inquired as to what counsel proposed to prove by the witness. Counsel replied that he did not know whether the witness would or would not be of much use to his case, and then proceeded to outline what he intended to prove by the witness.

The court found (1) that this testimony would, in effect, be only cumulative and (2) that the matter had been set for trial for six months during all of which time the defendants asked for no subpoenas to assure the presence of witnesses, and that no subpoena had been requested until after the trial had begun. An application for a continuance is addressed to the sound discretion of the trial judge, and nothing short of a plain and arbitrary abuse of discretion will justify an

appellate court in reversing the trial court's determination. *Bigler v. Richards*, 151 Colo. 325, 377 P.2d 552; *Dawson v. Coston*, 18 Colo. 493, 33 Pac. 189. Under the facts set forth here, the action of the trial court was proper; it certainly did not constitute an abuse of discretion. See *Outcalt v. Johnston*, 9 Colo. App. 519, 49 Pac. 1058.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.