417 P.2d 790 (1966)
E. J. HOY and Ann Lee Hoy, on their own behalf and for those similarly situated, Plaintiffs in Error,
v.
NORTH JEFFCO METROPOLITAN RECREATION DISTRICT, Orval Murphy, Edna McCormack, Carl S. Mallow, Jr., Gordon Carpenter, and Ray E. Schuckmann, Directors, Defendants in Error.
No. 21867.
Supreme Court of Colorado, In Department.
August 22, 1966.
Rehearing Denied September 19, 1966.
Morris Rifkin, Denver, for plaintiffs in error.
Harold D. Lutz, Arvada, for defendants in error.
*791 McWILLIAMS, Justice.
The North Jeffco Metropolitan Recreation District was organized as a quasi-municipal corporation in 1956, pursuant to C.R. S.1963, 89-12. In 1959 the official name of this body politic was changed by appropriate order of court so as to read "The North Jeffco Metropolitan Recreation and/or Park District" and this change of name was duly recorded on the public records of the County of Jefferson. The North Jeffco Metropolitan Recreation and/or Park District will hereinafter be referred to as the Recreation District.
On August 4, 1964 a special bond election was held by the Recreation District, at which time a proposal was submitted to the qualified electors in the Recreation District regarding the issuance of certain bonds for capital improvements. This proposal to issue such bonds was carried by a majority of those voting.
On August 10, 1964 E. J. Hoy and Ann Lee Hoy instituted an action wherein they sought to have this election declared to be "null and void." Their original complaint having been dismissed for failing to state a claim upon which relief could be granted, the Hoys then filed an amended complaint. Although this amended complaint is somewhat difficult to follow, it would appear that the chief complaint of the Hoys is the aforementioned "change" in 1959 of the formal name of the Recreation District. It was said that "confusion" resulted therefrom to the end that persons qualified to vote were "mislead and misinformed" and were otherwise deprived of their right to vote in this election. Additionally, the Hoys pled that the election was improperly "called, conducted and held" due to misleading notices and advertising, and the like.
To this amended complaint the Recreation District filed its answer, alleging among other things that the amended complaint still failed to state a claim upon which any relief could be granted.
On April 1, 1965 a pre-trial conference was held which was singularly unproductive. Counsel for the Hoys did promise to furnish opposing counsel at least ten days before trial with the names of 300 persons whom, he said, would be called as witnesses for the plaintiffs. Trial of the matter had theretofore already been set for April 27, 1965. During the pre-trial conference counsel for the Hoys asked for a continuance of this trial date because a relative of Mrs. Hoy was ill. This request was denied, the trial court being of the view that a proceeding of this nature should be speedily heard and determined. This request for a continuance was subsequently renewed, and again denied.
Upon trial of this matter the Hoys for all practical purposes offered virtually nothing of an evidentiary nature. Instead of 300 witnesses for the plaintiffs, there were none. Certain persons were called to testify, but none were present as none had been subpoenaed. The Hoys were not present, as both of them had left town to visit Mrs. Hoy's ailing relative. Counsel for the Hoys "read" into the record the change in name of the Recreation District. When the Hoys rested their case, the trial court upon motion dismissed the action, holding that the Hoys had introduced no evidence to support any of the allegations contained in their amended complaint. By writ of error the Hoys now seek reversal of this judgment.
In his brief counsel for the first time seeks to invalidate this election on the ground that there were an insufficient number of polling places. And this is the Hoys' chief contention in this court. No doubt counsel sought to inject this matter into the proceedings because of Rector v. Northglenn Metropolitan Recreation District, Colo., 404 P.2d 534. It should be observed that our opinion in the Northglenn case was announced after the trial of the instant case in the trial court, but before the matter came at issue in this court. Be that as it may, it is sufficient to note that this particular issue was not raised by the pleadings nor was there any evidence introduced as to number of polling places in this particular election. Whether there were too few polling places is something that simply can not *792 be ascertained from the record before us. This obvious legal "afterthought" on the part of counsel under these cicrumstances can not at this late date be injected into the instant controversy.
In this court it is additionally urged that the Recreation District changed its name "contrary to the law" and that because of the change in name there was "confusion" in the minds of the voters. No authority is cited in support of this assertion that the Recreation District was powerless to thus change its corporate name, nor is there any evidence in the record to support their various and sundry allegations relating to alleged "confusion" on the part of the electors. In short, we find no error in this regard.
A request for a continuance of a trial date is a matter which lies peculiarly within the sound discretion of the trial court, and nothing short of a plain and arbitrary abuse of discretion will justify a reviewing court in reversing the trial court's determination. See Schwenk v. Bolis, Colo., 402 P. 2d 643.
In denying this motion for a continuance, the trial court from the record then before it might well have concluded that this was but a "nuisance" action, and that the plaintiffs were on the "slow side" of the case. In their original complaint, the Hoys stated that they feared that the Recreation District would build a public swimming pool and that such would "damage, injure and destroy" privately operated swimming pools, such as the one operated by the Hoys. This, then, is what apparently stirred the Hoys into action, rather than any civic minded desire to see that a "lawful" election be held. And then some three weeks before trial the Hoys sought a continuance because a relative of Mrs. Hoy was then ill. Suffice it to say, under all these circumstances we find no abuse of discretion in the trial court's standing firm on the trial setting and refusing to continue the matter.
Finally, minor complaint is made that the trial court by its several interlocutory rulings hamstrung the Hoys in their discovery efforts in their proposed use of certain depositions. We find no error in this regard. Indeed, counsel never did file any motion for production of documents. Similarly, the showing as to the necessity for using certain depositions was insufficient.
The judgment is affirmed.
DAY and FRANTZ, JJ., concur.