Opinion by
Mr. Justice Moore.*
Gladys McIntosh is the mother of Arlene Tucker one of the plaintiffs and Marilyn Vaughn one of the defendants. Harding A. Tucker, a plaintiff, is the husband of Arlene, and Earl F. Vaughn, a defendant, is the husband of Marilyn.
The action was commenced by Gladys, the mother, and thereafter Arlene and Harding were joined as plaintiffs. The named defendants were the Fraser-Arapaho Ranch, Inc., Marilyn Vaughn and Earl F. Vaughn. The corporation defendant was organized for the purpose of operating a “dude ranch.” All of the individual defendants were stockholders therein and all were members of its board of directors at the beginning of its operation. The first business of the corporation was conducted in the summer of 1960 during which time the Tuckers and the Vaughns were at the ranch. At the end of that summer the Tuckers left the ranch and returned to their former home in California, leaving the Vaughns in charge of the corporate activity. Financial problems arose — the real estate upon which the business was conducted was subject to a deed of trust and there was no corporate money with which to make the payment due in April 1982. The payee of the note granted additional time for *416 making this payment and the matter was considered at the annual meeting of the stockholders and directors held on May 15, 1962, which was attended by Gladys and the Vaughns as directors. The Tuckers also were present.
The minutes of the annual meeting above referred to show that the Vaughns proposed to purchase 80 acres of land belonging to the corporation for the sum of $3,600 as a means of providing money with which the payment due from the corporation could be made. The proposal was unanimously approved by the directors. Each person present, including the Tuckers who were stockholders, signed the minutes to indicate approval of the sale to the Vaughns. Thereafter the sale was consummated and the payment due from the corporation was made on May 21, 1962.
The complaint in the action in the instant case was filed 3y2 years later by Gladys who sought relief on three different claims, as follows:
1. She alleged that the sale of 80 acres of land to the Vaughns should be rescinded because of false representations allegedly made by them that “the Middle Park Bank at Granby, Colorado, would only loan money to a going business, that the individual defendants did not intend to operate the corporation’s business and that therefore the corporation was unable to borrow from the bank a sufficient amount * * *” to pay the amount due on the mortgage.
2. She (and the Tuckers who subsequently joined as plaintiffs) claimed that the Tuckers were entitled to more stock in the corporation than had been issued to them. The trial court decided this issue in favor of the Tuckers and it was held that they owned 950 shares of stock. No error is assigned on this ruling and it forms no issue for determination in this court.
3. The plaintiffs alleged that the Vaughns were entitled to 1828 shares of corporate stock instead of 1946 *417 shares claimed by them. On the books of the corporation 18 shares had been allocated to the Vaughns for a horse, the ownership of which was transferred to the corporation, and they were also allocated 100 shares for an electric organ which also had been transferred to the corporation by them. Plaintiffs allege that there was no valid authorization for the issuance of these 118 shares of stock.
Trial was to the court without a jury. At the conclusion of the trial oral findings were made as follows: “From the facts as presented here the Court is unable to determine that there was fraud, Exhibit A for instance, the letter from Marilyn Vaughn to her mother, mentioned various possibilities of a loan. Mrs. McIntosh, in her testimony, impressed the Court as being an experienced business woman and she could have undoubtedly done some checking if she had wanted to, and I believe in some of her testimony she testified that she could have made the loan if need be. And also in Exhibit B, being the copy of the minutes of the Board of Directors which was signed by Mrs. McIntosh and Mrs. Tucker, Mrs. McIntosh very definitely testified that she read the minutes before she signed them and she agreed to sell the eighty acres for $45.00 an acre. The court is unable to see where there is a fraudulent misrepresentation here; certainly nothing sufficient to justify setting aside the sale of the eighty acres. From the Court’s position, the Statute of Limitations doesn’t become important here * * * because under the Court’s decision there isn’t any fraudulent misrepresentation * *
The written findings contain the following:
“7. No misrepresentations were made by the Vaughns to the plaintiffs.”
The court denied the prayer for rescission of the 80-acre sale.
With reference to the 118 shares of stock claimed by the Vaughns as consideration for the transfer of the organ *418 and the horse, the following factual background is material. At the time of incorporation, the ranch property was transferred to the corporation, and the Vaughns and the Tuckers were credited with capital stock in the amounts they had contributed toward its purchase. In addition, both families were given stock credit for items of personal property transferred to the corporation. For instance, at the Board of Directors meeting of May 5, 1960, the following was approved by all parties (Exhibit 1):
“The number of shares to be issued to each stockholder was discussed. It was agreed that shares would be issued in the amount of all cash and real estate contributed to the purchase of Arapaho Ranch, Fraser, Colorado, as well as for certain personal property contributed to the operation of the ranch by the individual stockholders.
“Property to be credited to Earl and Marilyn Vaughn:
“Electric organ
“Livestock (6 head of cattle; 1 horse)
“Jeep Pickup truck
“20-passenger bus
“Certain crafts and athletic equipment.
“Property to be credited to Harding and Arlene Tucker:
“1960 Chevrolet %-ton pickup truck
“Hi-Fi Set
“Certain power tools.”
The amounts of stock credit were agreed upon and they appear in ledger sheets prepared by Arlene Tucker who was treasurer of the corporation.
 The trial court resolved all disputes in the evidence relating to the 118 shares of stock in favor of the Vaughns. There is no merit to the argument that under the language of the pre-trial order the stock belonging to- the Vaughns should be reduced by 100 shares. The disputes between the parties are factual and since there was ample competent evidence to support the facts as found by the trial court we are not at liberty to reach *419 a contrary conclusion. Gordon Neon Co. v. Iacino, 156 Colo. 280, 398 P.2d 623.
The judgment is affirmed.
Mr. Chief Justice McWilliams, Mr. Justice Day and Mr. Justice Kelley concur.

Retired Supreme Court Justice sitting under assignment by the Chief .Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.