513 P.2d 215 (1973)
CONDITIONED AIR COMPANY, a Colorado corporation, Plaintiff-Appellee,
v.
Raymond A. POST, Jr., d/b/a Colorado Wholesale Supply Company, Defendant-Appellee,
Jerry F. Kalavity et al., Defendants-Appellants.
No. 72-208.
Colorado Court of Appeals, Div. II.
June 5, 1973.
Rehearing Denied June 26, 1973.
*216 Corbridge & Dohe, P. C., Virgil D. Dohe, Denver, for plaintiff-appellee.
Raymond J. Cody, Wheat Ridge, for defendant-appellee.
George J. Francis, Denver, for defendants-appellants.
Not Selected for Official Publication.
DWYER, Judge.
In this action to foreclose two mechanics' liens, judgment was entered in favor of the lien claimants against the owners of the property upon which the liens were claimed. One lien was established by Conditioned Air Company for $1,366, the balance due it for installation of an air conditioning system in an apartment house constructed on the land. The second lien was established by Raymond A. Post for $2,584, the balance due him for materials supplied for construction of the apartment house. The owners of the property, the Kalavitys, have appealed the judgment. We affirm.
In seeking reversal, the Kalavitys' principal contention is that the trial court erred in refusing to grant their motion for continuance of the trial. The motion was made on February 14, 1972, the day the case was set for trial. Defendant Jerry F. Kalavity appeared without counsel and requested a continuance to permit defendants to be represented by an attorney who was not present and who had not entered an appearance in the case. The motion was opposed by both lien claimants who were present and prepared to proceed.
The court, in considering the motion, noted that the trial had been continued on two previous occasions and that the continuance requested would delay the trial for another six months. The first trial setting was continued at the request of the Kalavitys' original attorneys who withdrew on June 18, 1971. A second firm appeared for the Kalavitys and obtained a second continuance of the trial which had been set for September 15, 1971. Jerry F. Kalavity was present when the case was continued for trial to February 14, 1972.
On January 25, 1972, the second set of attorneys moved, at the request and with *217 the consent of the Kalavitys, to withdraw from the case. The trial court granted the motion. The Kalavitys then contacted an attorney who, on February 11, 1972, attempted unsuccessfully to obtain the consent of the lien claimants' attorneys to a further continuance. This attorney could not appear on February 14, 1972, because of a previous commitment. The trial court denied the motion for continuance and proceeded with the trial.
The granting or refusing of a motion for continuance is within the sound discretion of the trial court. Hoy v. North Jeffco Metropolitan Recreation District, 160 Colo. 382, 417 P.2d 790; Schwenk v. Bolis, 157 Colo. 392, 402 P.2d 643; Hicks v. Hicks, 155 Colo. 463, 395 P.2d 224. In exercising this discretion, the court must consider not only the rights of the party seeking the continuance, but also the rights of the other parties and decide the motion with a view to promoting substantial justice. The Kalavitys knew when they discharged their attorneys that the case was set for trial. It was their obligation to obtain new counsel and to proceed with the trial as scheduled. They must bear the responsibility of their failure to exercise proper diligence in the matter. Under the circumstances, the court did not abuse its discretion in denying the motion for continuance.
The judgments in favor of the lien claimants are based upon findings by the court that both Conditioned Air Company and Post had established their claims; that all payments made by the Kalavitys had been properly credited; and that the liens against the property were properly perfected. On appeal, the Kalavitys contend that the judgment in favor of Post should be reversed because they proved their affirmative defense of accord and satisfaction.
An accord and satisfaction rests in contract, and all the essentials of a valid contract must be present including acceptance by the creditor of an offer by the debtor to pay a lesser amount in full settlement. J. F. White Engineering Corp. v. United States for Use of Pittsburgh Plate Glass Co., 10 Cir., 311 F.2d 410; Hoeppner Construction Co. v. United States for Use of Trautman & Shreve, Inc., 10 Cir., 273 F.2d 835. In order to constitute an accord and satisfaction it is necessary that money should be offered in full satisfaction of a demand, and be accompanied by such acts and declaration as amount to the condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such conditions. Hudson v. American Founders Life Insurance Co., 151 Colo. 54, 377 P.2d 391; Western Air Lines, Inc. v. Hollenbeck, 124 Colo. 130, 235 P.2d 792.
The Kalavitys' defense of accord and satisfaction is based solely upon their assertion that Post received and cashed two checks bearing acknowledgment of payment in full. Post admitted receiving the checks, but he testified that the proceeds of the checks were applied on the account in accordance with the prior agreement of the parties and that after such application, the amount claimed remained unpaid. The trial court specifically found that the Kalavitys had received all proper credits for payments made to Post. A notation on a check of "payment in full" does not necessarily settle the obligations of the parties. It is only one of the factors to be considered in determining whether there is an accord and satisfaction. Reliable Furniture Co. v. American Home Assurance Co., 24 Utah 2d 93, 466 P.2d 368. The evidence in the record before us does not establish the defense of accord and satisfaction.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.