No. 20,070.

CLARENCE J. BIGLER, ET AL., *v.* ANNE NADINE RICHARDS.

(377 P. [2d] 552)

Decided January 7, 1963.

Mr. GEORGE A. HINSHAW, for plaintiffs in error.

Messrs. TILLY and SKELTON, for defendant in error.

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties by name or as they appeared in the trial court where plaintiffs in error were plaintiffs and defendant in error was defendant.

Karen, a minor, sought to recover damages allegedly sustained in an accident involving an automobile driven by defendant. The parents sought to recover for medical and dental expenses incurred as a result of the injuries sustained by their daughter Karen. The issues framed by the pleadings were tried to the court and judgment entered in favor of Karen in the sum of $600.00. A judg-

ment in like amount was entered in favor of the parents. The plaintiffs are here by writ of error contending that the judgments totalling $1,200.00 are so grossly inadequate as to require reversal.

■ It is contended that the trial court required the plaintiffs to establish their claim by "clear and convincing" evidence, and in so doing erred in failing to recognize the rule that a preponderance of evidence is sufficient to warrant the relief prayed for. This argument is based on comments of the trial court made at the time the motion for a new trial was ruled upon. At that time the court observed:

"As to what was or what was not proved at the trial, the Court was the sole trier of the facts, a judge of the credibility of the witnesses, and had an opportunity to observe them and the parties throughout the entire trial; and made its findings and adopted those things that it felt were proved by clear, convincing evidence."

This statement is seized upon as a basis for the assertion that the trial court imposed upon the plaintiffs a greater burden of proof than required of them under the law; however, at the same time the above words were spoken the trial court made the following statement:

"In the Findings of Fact, Conclusions of Law, and Judgment the Court specifically recited the factors that were considered by the court; specifically, that the elements of damage include not only the injury to the upper left central incisor of the plaintiff, but injury to the lower lip and other contusions and bruises, that she suffered pain, and there was disfigurement. And those elements are all included in the judgment as directed by the Court.

"The Court further finds that this award falls well within the range of the judgments that are to be found in the reports of the various courts covering this type of case.

"For those reasons the Court finds as the trier of the facts that the facts as proved to the satisfaction of the Court are those set out in the judgment."

All of the foregoing quoted matter is nothing more than comments of the court at the time the motion for a new trial was denied. The Findings of Fact and Conclusions of Law entered by the trial court contain nothing to indicate a misapprehension of the applicable rule governing the burden of proof.

■ With reference to the contention that the awards totalling $1,200.00 were grossly inadequate, suffice it to say that we have read the entire record and are unable to say that error was committed as a matter of law in fixing the amount of damages. The court was the trier of facts, and in the matter of fixing the amount of damages is clothed with a wide discretion. In the absence of a showing of an abuse of such discretion its determination will not be disturbed on review. *Riss and Company, Inc., v. Anderson,* 108 Colo. 78, 114 P. (2d) 278. In *Lehrer v. Lorenzen, et al.,* 124 Colo. 17, 233 P. (2d) 382, it was held that where the court or jury has fixed the amount of damages in the exercise of the discretion imposed on them by law, the judgment or verdict will not be set aside on the ground of inadequacy unless, " * * * it can be definitely said that the verdict is grossly and manifestly inadequate, or unless the amount thereof is so small as to clearly and definitely indicate that the jury neglected to take into consideration evidence of pecuniary loss or were influenced either by prejudice, passion or other improper considerations. * * * "

So in the case before us there is nothing in the record to indicate that the trial court was improperly influenced in any manner in arriving at the amount of damages reflected in the judgments entered.

It is argued that the trial court erred in not permitting plaintiffs to present the testimony of Dr. J. P. Hil-

ton, a psychiatrist. At the conclusion of a hearing on a motion for a jury trial, notwithstanding that such a trial had been waived under the provisions of Rule 38 (d) R.C.P. Colo., the trial court, with the consent of counsel for the parties, dispensed with a formal pretrial conference and ordered in lieu thereof that each counsel should, " * * * furnish the names of your witnesses at least 10 days before trial to opposing counsel, and we will dispense with a pretrial in this case. Exhibits will be available for inspection in your respective offices."

Counsel for plaintiffs failed to supply the name of Dr. J. P. Hilton as a witness but nevertheless sought to present his testimony in their case in chief. It is apparent that Dr. Hilton was not present in court at any time. At the commencement of the trial a conference was held between court and counsel, at the conclusion of which the court ruled as follows:

" * * * Very well. The Court will rule that in view of the failure of the plaintiff to comply with the Court's order, that it will not permit the testimony of Dr. J. P. Hilton to be introduced in the case in chief. If, however, the defendant raises issues to which Dr. Hilton's testimony might be directed as a rebuttal witness, the plaintiff may then bring him in for that purpose. * * * " .

Following the evidence introduced on behalf of defendant, the court announced that, "We are ready for any rebuttal testimony the plaintiff may desire to present." At this point the record discloses that the following took place:

"MR. HINSHAW: The plaintiff at this time, Your Honor, would renew the motion and affidavit as to the testimony of Dr. Hilton. We feel that based on the evidence as set forth in the testimony of Dr. Mammel and Dr. Pollock, cross examination of the defendant, that the issue of mental anguish has been brought into focus before Your Honor, and that the testimony of Dr. Hilton

would be competent to show the producing set forth in paragraph 3 of the third claim for relief.

"THE COURT: The Court again rules that as part of the case in chief his testimony will not be permitted. Any matters of rebuttal are proper at this time.

"MR. HINSHAW: Your Honor, just so I understand the ruling, is the ruling sufficient to permit Dr. Hilton to testify at this time as a rebuttal witness concerning the mental suffering and anguish?

"THE COURT: If it is limited to no more than the scope of the testimony before the Court, yes. But if it attempts to go into new matters, the answer is, no.

"MR. HINSHAW: We have the additional problem, Your Honor, of having not known what the Court's ruling might be. I have not made arrangements to have Dr. Hilton here. He advised me on Wednesday that it would be impossible for him to appear at any time in the morning to testify. In the interest of conserving time, it would be my desire if we can make arrangements with Dr. Hilton to testify before Your Honor, and that we proceed with our case, and even with closing arguments. It would be different before a jury, but before Your Honor I'm certain if Your Honor decided this testimony had any bearing on the case and on the damages, if something come (sic) in that would be immaterial, as it would with the other doctors, Your Honor would take it into consideration. And subject to the wishes of Your Honor, we would like to continue with the case with the provision that if we can make arrangements to have Dr. Hilton testify, we will.

\* \* \*

"THE COURT: The motion for any kind of continuance is overruled. This matter will proceed at this time. If you have rebuttal testimony you may put it on, Mr. Hinshaw.

"MR. HINSHAW: If Your Honor please, due to the schedule of Dr. Hilton we are unable to have him in Court this morning to testify in rebuttal.

"THE COURT: Very well. Do you have any other testimony?

"MR. HINSHAW: Your Honor, the plaintiff will rest without further rebuttal testimony.

"THE COURT: Very well. We will proceed with final argument."

■■ We find no abuse of discretion on the part of the trial court in dealing with the matter under discussion. At the very outset of the trial the court clearly indicated its position with reference to any testimony of Dr. Hilton. He was not present in the courtroom at any time. Ample time was afforded counsel to secure his presence, two full days being consumed in the trial of the case. It is apparent that he was not placed under subpoena to be present. Moreover, there is no showing by offer of proof or otherwise as to what his testimony would have been had he been present and permitted to testify. It is well settled that a judgment entered by a trial court will not be reversed for alleged errors unless they are shown to be prejudicial to the substantial rights of the party claiming to be aggrieved thereby. In the instant case we are left to pure conjecture as to what Dr. Hilton's evidence might have been had he been permitted to testify. There was no abuse of discretion on the part of the trial court in ruling as it did under the facts presented; and there is no offer of proof tending to show that any prejudice to plaintiffs resulted from the lack of Dr. Hilton's testimony.

■ There is no merit to the contention that the court erred in denying a trial by jury. By failure to comply with Rule 38 R.C.P. Colo., a jury trial was waived.

The judgments are affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.