No. 21848.

CITY OF WESTMINSTER, A COLORADO MUNICIPAL CORPORA-
TION *v.* PHILLIPS-CARTER-OSBORN, INC., A COLORADO
CORPORATION, AND A. J. CURTIS & CO., A
WYOMING CORPORATION.
(435 P.2d 240)

Decided December 18, 1967.

DONALD D. CAWELTI, for plaintiff in error.

GORSUCH, KIRGIS, CAMPBELL, WALKER and GROVER, RICHARD B. HARVEY, for defendant in error Phillips-Carter-Osborn, Inc.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS writ of error is directed to a judgment of the District Court of Adams County which vacated a prior order of that court allowing joinder under R.C.P. Colo. 13(h) of Phillips-Carter-Osborn, Inc. as a party defendant, in an action brought by A. J. Curtis & Co. against the City of Westminster. The parties will be referred to as Phillips-Carter, Curtis and Westminster.

Curtis filed suit against Westminster on February 5, 1965, for a total of $29,271.98 alleged to be due for repair work done on a water pipeline constructed by Curtis for the city. The construction contract included an agreement by Curtis to repair or replace defects arising from "faulty workmanship or negligence by said plaintiff or from faulty manufacturing, faulty materials, faulty erection or improper handling of equipment furnished and installed by said plaintiff," for a period of one year following completion of the project. All the repairs involved occurred within six months after completion, but Curtis alleged that they resulted from causes other than those specified in the contract.

On March 29, 1965, Westminster filed its answer denying liability, along with a counterclaim against Curtis and two cross-claims against Phillips-Carter. Westminster also filed a motion for leave to join Phillips-Carter as a party defendant under R.C.P. Colo. 13(h), which was granted ex parte. The first cross-claim was joined to the counterclaim against Curtis, and demanded judgment for $4,510, the "reasonable

value" of additional repairs made by the city at its own expense, which repairs were alleged to have been made necessary either by Curtis' negligence in constructing the pipeline, or by the negligence of Phillips-Carter in designing it. The second cross-claim alleged that Phillips-Carter "is or may be liable to this defendant for all or part of the plaintiff's claim against this defendant," and demanded judgment for all sums which might be adjudged against Westminster in favor of Curtis.

Phillips-Carter moved to vacate the order joining it as a defendant, and this motion was granted on hearing held May 28, "without prejudice to the City of Westminster properly proceeding" in accordance with R.C.P. Colo. 14, and the cross-claims were ordered stricken. This order was made a final judgment, and Westminster is contesting it here. Such a procedure is proper. See *United Artists Corp. v. Masterpiece Productions, Inc.*, 221 F.2d 213 (2d Cir.). Although Curtis is joined as a defendant in error, only Phillips-Carter has appeared here in opposition to Westminster.

The district court evidently regarded the second cross-claim as the only one properly part of this action. As to the first cross-claim, the court states in its oral ruling that Phillips-Carter "is really not involved . . . but there may be a separate, independent action against them for damages . . ." We do not agree with the district court's view of the first cross-claim and we therefore reverse.

In its complaint against Westminster, Curtis alleged that the pipeline repairs it made resulted from causes other than its own negligence, and were not covered by the guarantee in its contract with Westminster. In its combined counterclaim and first cross-claim, Westminster demanded payment for additional repairs made after Curtis allegedly refused to make further repairs, alleging that the pipeline failures involved were caused either by Curtis' negligence in con-

structing the pipeline, or by Phillips-Carter's negligence in designing it. Judgment was sought against either Curtis or Phillips-Carter, or both. There is no question that, as to Curtis, Westminster has stated a counterclaim arising out of the same transaction as Curtis' claim, which would be a compulsory counterclaim under R.C.P. Colo. 13(a).

■ R.C.P. Colo. 13(h) provides:

"When the presence of parties other than those to the original action is required for the granting of complete relief *in the determination of a counterclaim or cross-claim,* the court *shall order* them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained." (Emphasis added.)

One of the purposes of this rule is to encourage the determination of all controversies arising out of the same transaction in one lawsuit and prevent needless circuity of actions. See *Lesnik v. Public Industrials Corp.,* 51 F. Supp. 989 (S.D. N.Y.). That is exactly what will happen here by the joinder of Phillips-Carter sought by Westminster. In one action, it will be determined whether Curtis, or Phillips-Carter, or neither of them is liable to Westminster for the additional repairs it was required to make to the pipeline.

■ Barron and Holtzoff in their work on Federal Practice and Procedure, Vol. 1A, § 426 p. 675 (1960 Ed.), in discussing the Federal Rule (which is identical in pertinent part to ours), states on the very point at issue here:

"* * * Where the defendant wishes to assert a claim against a co-defendant and a third party, the correct procedure is to file a cross-claim, combined with a motion under Rule 13(h) to bring in the third party as an additional defendant on the cross-claim. *A similar combination of a counterclaim and a Rule 13(h) motion is appropriate where the claim is against the original plaintiff and a third party.*"

■■ We are committed to a liberal interpretation

of the Rules of Civil Procedure. R.C.P. Colo. 1(a); see *Ashford v. Burnham Aviation Service, Inc.,* 162 Colo. 582, 427 P.2d 875; *Senne v. Conley,* 110 Colo. 270, 133 P.2d 381. Courts adopting such an approach have held joinder proper in cases such as the one before us. *United Artists Corp. v. Masterpiece Productions, Inc.,* 221 F.2d 213 (2d Cir.); *United States v. Dovolis,* 105 F. Supp. 914 (D.C. Minn.); *General Casualty Co. of America v. Fedoff,* 11 F.R.D. 177 (S.D. N.Y.); *Carter Oil Co. v. Wood,* 30 F. Supp. 875 (E.D. Ill.). Accordingly, we hold that R.C.P. Colo. 13(h) authorizes the joinder of parties necessary to the granting of complete relief in the determination of a counterclaim or cross-claim, even though their presence is not indispensable to such determination.

We would also point out that Rule 13(g) provides that cross-claims against co-parties may also include a claim that the co-party may be liable to the cross-claimant for all or part of the claim asserted in the action against the cross-claimant. It was therefore proper to include in the cross claims asserted by Westminster against Phillips-Carter, the so-called "third-party complaint" against Phillips-Carter.

Phillips-Carter argues that its joinder as a co-defendant under R.C.P. Colo. 13(h), rather than as a third party defendant under R.C.P. Colo. 14(a), will have the effect of denying it the right to defend against the "major claim in the litigation," made by Curtis against Westminster. No authority is cited in support of this argument, which rests solely on the wording of R.C.P. Colo. 14(a):

"* * * The third-party defendant may assert against the plaintiff any defenses which the third-party p'aintiff [defendant] has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. * * *"

Phillips-Carter points out that no such wording is contained in R.C.P. Colo. 13(h) and concludes that this means it has no right to defend against Curtis' claim, or to counterclaim against Curtis. This argument is without foundation, since under R.C.P. Colo. 13(h), Phillips-Carter was brought in *as a defendant* in the action. As such, it has the same right to defend, counterclaim or cross-claim as any other defendant, against either or both of the other parties.

Phillips-Carter also points out that Westminster's original motion to join Phillips-Carter under R.C.P. Colo. 13(h), and the court's order granting the motion, erroneously stated that a third-party complaint, rather than a cross-claim, was to be served on Phillips-Carter. Regardless of the wording of the motion and order, what *was* served was what R.C.P. Colo. 13(h) authorizes to be served — a cross-claim. The order correctly designated Phillips-Carter as a "party defendant" under R.C.P. Colo. 13(h), and not as a third-party defendant under R.C.P. Colo. 14(a), as Phillips-Carter contends. The fact that the order erroneously designated the pleading to be served is no ground for invalidating the order, particularly since the proper pleading was in fact served.

The judgment of the district court vacating the prior order joining Phillips-Carter as a defendant under R.C.P. Colo. 13(h) is hereby reversed, and the cause remanded for further proceedings not inconsistent with the views expressed herein.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.