No. 22202.

VISUAL FACTOR, INC., A COLORADO CORPORATION, AND DONALD NUTTING *v*. WAYNE SINCLAIR.
(441 P.2d 643)

Decided May 27, 1968.     Rehearing denied June 17, 1968.

HERBERT A. SHATZ, for plaintiffs in error.

TRACY, THORVILSON and OSGOOD, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THE parties appear here in the same order as in the trial court, and will be referred to as plaintiffs and defendant.

About a year prior to the commencement of the action here reviewed, the defendant brought an action against the plaintiffs in the County Court of Boulder County, Colorado, for wages under a contract of employment. This action is hereinafter referred to as the "wage case." In response to a request, a bill of particulars was given and thereafter there was a general denial of the allegations of the complaint. On February 26, 1965, the action was transferred to the District Court of Boulder County,

pursuant to 1965 Perm. Supp., C. R. S. 1963, 37-18-1 and 2. On March 30, 1965, the parties reached a settlement, filed a stipulation signed by the attorneys for the parties, and filed a motion for dismissal with prejudice signed by the attorney for the plaintiffs. The District Court entered an order of dismissal with prejudice.

The complaint in the action here under consideration, sometimes referred to here as the "fraud case," was filed in the District Court of Boulder County on March 25, 1965. The record does not disclose the time of service of summons and complaint upon the defendant but, from statements made during oral argument, it appears that this service was made immediately following the settlement of the wage case. Whether or not service was made before or after the settlement is immaterial.

The complaint in the fraud case alleged that the defendant fraudulently induced the plaintiffs to expend $80,000. It contains the allegation, "that this sum included, but is not limited to sums paid to Defendant under an employment agreement for which plaintiffs were required to and did expend approximately $10,000, which includes settlement of a legal proceeding brought by Defendant against plaintiffs under said agreement." It appears from the allegations of the complaint that the expenditure of funds by the plaintiffs related to the manufacture and sale of a "bookholder."

The defendant filed a motion for summary judgment on the ground that the claim made in the fraud case was a compulsory counterclaim which should have been raised in the wage case and is now, therefore, barred. This motion was supported by the defendant's affidavit, in which he stated in effect that his sole connection with the plaintiffs concerned the manufacture of a bookholder and that the wage case arose out of his employment in connection with such manufacture. These statements are uncontroverted.

The trial court granted the motion for summary judg-

ment and dismissed the plaintiffs' "claims" with prejudice.

The plaintiffs proceeded under the theory that the claim in the fraud case would have been a permissive counterclaim in the wage case under R. C. P. Colo. 13(b). The defendant, however, contended that under R. C. P. Colo 13(a), the claim in the fraud case comes under the category of a compulsory counterclaim in the wage case. The trial court adopted the defendant's view. We agree with the trial court.

Rules 13(a) and 13(b) provide:

"(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action * * *.

"(b) *Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

The parties are in substantial agreement that the claims in both cases arose out of the arrangement between plaintiffs and defendant with respect to the manufacture and sale of bookholders. The plaintiffs insist, however, that the evidence in the fraud and wage cases, respectively, will be different, and that, therefore, one claim is not a compulsory counterclaim in an action involving the other. We find the better-reasoned view to be that a counterclaim may be compulsory where it arises from the same events as does the prior claim, even though the evidence needed to establish the opposing claims may be quite different. See, *e.g.,* *Mercury Insurance Co. v. Verea,* 12 Fed. Rules Serv.

13a.11, case 2; 1A W. Barron & A. Holtzoff, Federal Practice and Procedure § 394 (1960 ed.). The better test, supported by the weight of authority, inquires into the logical relationship between the opposing claims. Any claim that a party might have against an opposing party, which is logically related to the claim brought by the opposing party and which is not within the exceptions stated in the pertinent rule, is a compulsory counterclaim. See *Reconstruction Finance Corp. v. First National Bank,* 17 F.R.D. 397; 1A W. Barron & A. Holtzoff, Federal Practice and Procedure § 394 (1960 ed.). We think that the wage claim and the fraud claim arose out of the same transaction, *i.e.,* the contract of employment, and each is a compulsory counterclaim to the other. In the vernacular, "this is all one ball of wax."

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE McWILLIAMS concur.