494 P.2d 603 (1971)
John A. BEATHUNE and Frank J. Holder, Plaintiffs in Error,
v.
James A. CAIN, Defendant in Error.
No. 71-170. (Supreme Court No. 24479.)
Colorado Court of Appeals, Div. II.
December 21, 1971.
Rehearing Denied January 18, 1972.
Certiorari Denied March 27, 1972.
*604 Victor E. DeMouth, Denver, for plaintiff in error John A. Beathune.
William D. Holland, Lakewood, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties appear here in reverse to their trial court positions and will be referred to by their trial court designations or by name.
Plaintiff Cain brought this action against the defendants Beathune and Holder to recover on a promissory note. Trial was to a jury. At the close of plaintiff's evidence, the defendants rested, and the trial court directed a verdict in favor of the plaintiff and against both defendants. Beathune, appearing here as the plaintiff in error, seeks reversal of the judgment. The defendant Holder has not entered an appearance herein.

I.
Beathune first contends that the trial court erred in denying his motion for summary judgment. In support of this motion, Beathune submitted to the court copies of the pleadings of a prior action and asserted that plaintiff's claim in the present action constituted a compulsory counterclaim in the prior action and was therefore barred. The pleadings of the prior action disclose that Beathune had brought an action against Holder, Cain, and others to recover damages allegedly resulting from a fraudulent misappropriation of construction loan proceeds. The complaint in that action alleged in substance that Beathune and Holder had obtained loans on three parcels of land for the purpose of constructing rental properties thereon and that Holder, with the assistance of Cain and the other defendants named in the action, had misappropriated the construction loan proceeds. The promissory note involved in the present action was executed by Beathune and Holder and delivered to the plaintiff Cain in payment for one of the three parcels of land upon which the construction loans involved in the prior action were obtained.
Failure to assert a compulsory counterclaim bars the assertion of such claim in a subsequent action. Visual Factor, Inc. v. Sinclair, 166 Colo. 22, 441 P.2d 643.
R.C.P. 13(a) provides as follows:
"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action." (Emphasis added.)
In Visual Factor, Inc. v. Sinclair, supra, the court stated:
"The better test, supported by the weight of authority, inquires into the logical relationship between the opposing claims. Any claim that a party might have against an opposing party, which is logically related to the claim brought by the opposing party and which is not within the exceptions stated in the pertinent rule, is a compulsory counterclaim. See Reconstruction Finance Corp. v. First National Bank, D.C., 17 F.R.D. 397; 1A W. Barron & A. Holtzoff, Federal Practice and Procedure § 394 (1960 ed.)."
The term "logical relationship" is defined in Great Lakes Rubber Corp. v. Herbert Cooper Co., 3 Cir., 286 F.2d 631 as follows:
"The phrase `logical relationship' is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication *605 of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. Indeed the doctrine of res judicata compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently."
The prior action did not involve the promissory note, which is the subject matter of the present action, nor did it involve the sales transaction in which Beathune and Holder executed and delivered the note to Cain. Beathune's prior fraud action arose out of an alleged misappropriation of construction loan proceeds and not out of the execution and delivery of the promissory note involved in this action. The two actions are not "logically related" to one another, do not arise out of the same transaction or occurrence, and do not involve the same subject matter. The suit on the promissory note was not a compulsory counterclaim in the prior fraud action.

II.
Beathune next contends that the trial court erred in striking certain of his affirmative defenses. In his amended answer, Beathune asserted six affirmative defenses referred to as: (1) lack of consideration; (2) payment; (3) compulsory counterclaim; (4) fraud and deceit; (5) accord and satisfaction; (6) laches.
On the date of the trial, upon motion by the plaintiff, the trial court struck the latter four defenses. As concluded above, the trial court was correct in ruling that the present action did not constitute a compulsory counterclaim in the prior action. Beathune has conceded on appeal that the defense of fraud and deceit was not alleged with sufficient particularity.
With respect to the defense of laches, Beathune alleged:
". . . that the note which was the subject of the within action was on its face nearly five years past due and may in fact, have been more than six years past due as of the time of the commencement of this action but that no action was commenced based upon said note and no efforts were made to collect the same during the aforesaid period; that by reason of the foregoing, the Plaintiffs and the Plaintiff's assignor were guilty of laches and the Plaintiff is now estopped from asserting any claim against Defendant Beathune based upon the alleged promissory note."
Admittedly, plaintiff's claim was brought within the applicable six-year statute of limitations. 1965 Perm.Supp., C.R.S.1963, 87-1-11. Mere delay short of the running of the applicable statute of limitations does not in and of itself constitute laches. Norman v. Boyer, 111 Colo. 531, 143 P.2d 1017. The allegations in defendant Beathune's answer were insufficient as a matter of law to constitute the defense of laches.
The defense of accord and satisfaction was based upon the same facts as those asserted in the defense of payment. Both of these defenses concern the transfer of certain real property from Holder to Cain. The trial court admitted evidence relating to this transfer and credited all amounts resulting from this transfer against the amount allegedly due under the promissory note. The defenses of accord and satisfaction and payment are, in this case, based upon the same set of facts, and no prejudice resulted to the defendants from the trial court's striking the defense of accord and satisfaction.
Beathune also contends that the trial court erred in directing a verdict in favor of the plaintiff. Beathune admitted execution and delivery of the promissory note in question. The note was in the amount of $16,000, and the trial court, *606 upon stipulation of the plaintiff, allowed credits in the amount of $4,500 against the face amount of the note. These credits were the maximum amount which could have been allowed under the evidence presented. Accordingly, there were no remaining factual issues involved in the case, and the trial court properly directed a verdict in favor of the plaintiff for the amount remaining due on the note.
The defendant Beathune's remaining assignments of error are without merit.
The judgment is affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.