585 P.2d 309 (1978)
Daniel W. WOOD and Lois K. Wood, Plaintiffs-Appellants,
v.
Howard JENSEN, Defendant-Appellee.
No. 78-046.
Colorado Court of Appeals, Div. II.
August 31, 1978.
Robert P. Horen, Ernest C. Andersen, Denver, for plaintiffs-appellants.
Spiecker & Hanlon, Frank Spiecker, Grand Junction, for defendant-appellee.
STERNBERG, Judge.
In this action for fraud and outrageous conduct, the trial court granted summary judgment in favor of the defendant, Howard Jensen, and also awarded him attorney fees of $500. The plaintiffs, Daniel and Lois Wood, appeal. We affirm.
The relevant facts are these: The Woods owned real property upon which Jensen agreed to construct improvements. A controversy arose, and in a prior action between the parties, Jensen sued the Woods to recover the contract price less certain credits and to foreclose a mechanic's lien on the property. In that action, the Woods counterclaimed for alleged overpayments and for other damages. Following a jury trial, Jensen prevailed and was awarded a judgment against the Woods. The judgment was affirmed by this court in an opinion not selected for official publication. In that opinion we said:
"At the trial, the evidence showed that during the progress of the work the contractor had some subcontractors pad their bills, as a result of which approximately $6,000 in overpayments were made by the owners and retained by the contractor. However, in arriving at the amount for which he was suing, the contractor credited the full amount paid, including the overage.

*310 "Upon the evidence being presented about the padding of the bills, the owners orally moved to amend their counterclaim to conform to the evidence, i. e., to include an allegation of fraud. This motion was denied on the grounds that fraud was not alleged with the specificity required in such an action and that the owners had not established that the contractor had intended to defraud.
.....
"The record shows that during the discovery phase, if not before, the owners learned about the charging scheme, so the evidence at the trial was no surprise. Hence, there was no abuse of discretion by the court in refusing to allow the injection of this new charge of fraud. "Furthermore, the owners already had in their counterclaim an allegation of overpayment, and the testimony as to overcharges by the subcontractors and rebates to the contractor went to the jury on that claim. Why or how the overcharging was done was of no consequence in arriving at the proper amount of recovery. The contractor never at any time received payment in excess of the contract price."
In the present case, the Woods' claims against Jensen are based on allegations of fraud and outrageous conduct in connection with the latter's performance of the same construction contract that was the subject matter of the prior suit. In their first claim, the Woods allege that Jensen fraudulently induced subcontractors to "inflate their invoices and statements" in order to obtain funds for his own use, and in their second claim, the Woods allege that Jensen's conduct in connection with his performance of the construction contract, and, in the filing of a mechanic's lien, was outrageous.
These claims were compulsory counterclaims in the prior suit, C.R.C.P. 13(a), and as such may not be asserted in a subsequent action. Visual Factor, Inc. v. Sinclair, 166 Colo. 22, 441 P.2d 643 (1968). Cf. Beathune v. Cain, 30 Colo.App. 321, 494 P.2d 603 (1971). Hence, the trial court was correct in granting Jensen's motion for summary judgment. Visual Factor, Inc. v. Sinclair, supra.
The Woods contend, nevertheless, that the trial court erred in finding that "the continuation of the cause of action in this case amounts to harassment and vexation," and in awarding Jensen attorney fees. We disagree.
Colo. Sess. Laws 1977, ch. 189, XX-XX-XXX, at 796, provides that:
"(1) Subject to the provisions of subsections (2) and (3), of this section, in any suit involving money damages in any court of this state, the court shall award, except as this article otherwise provides, as part of its judgment and in addition to any costs otherwise assessed, reasonable attorney fees.
"(3) The court shall not award attorney fees among the parties unless it finds that the bringing, maintaining, or defense of the action against the party entitled to such award was frivolous or groundless. The court must make findings either affirmative or negative as to the matters set forth in this subsection (3)."
We hold that, where, as here, a party asserts claims in a subsequent action which were compulsory counterclaims in a former proceeding, the trial court does not err in concluding that the claims are frivolous. Therefore, the award of attorney fees was proper. We hold further that, pursuant to Colo. Sess. Laws 1977, ch. 189, XX-XX-XXX, at 797, Jensen is entitled also to an award of reasonable attorney fees for these appellate proceedings.
The judgment is affirmed and the cause is remanded to the trial court with directions to hold a hearing for the determination of the reasonable value of the services of counsel in defending the judgment on appeal. The trial court is further directed to enter judgment against the Woods for that amount in addition to the judgment previously entered and herein affirmed.
ENOCH and KELLY, JJ., concur.