**FIRST LUTHERAN MISSION OF THE KNOLLS, a/k/a Life Science Church of the Knolls; and E. L. Peister, Plaintiffs-Appellants,**

v.

**DEPARTMENT OF REVENUE, State of Colorado; Alan Charnes; and Steven V. Berson, Defendants-Appellees.**

No. 79CA1113.

Colorado Court of Appeals, Div. I.

June 26, 1980.

Goldstein & Armour, P. C., James H. Downey, Denver, for plaintiff-appellant First Lutheran Mission of the Knolls, a/k/a Life Science Church of the Knolls.

E. L. Peister, pro se.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Chris J. Eliopulos, Sp. Asst. Attys. Gen., Denver, for defendants-appellees.

KIRSHBAUM, Judge.

Plaintiff Life Science Church of the Knolls (Life Science) appeals a judgment of the trial court affirming a decision of the Department of Revenue which denied Life Science's application for exemption from sales taxes pursuant to § 39–26–114, C.R.S. 1973. E. L. Peister, appearing *pro se*, also seeks to appeal the department's decision. We affirm.

On October 21, 1976, Life Science filed an application for sales tax exemption as a new church. At that time § 39–26–114(1)(b), C.R.S. 1973, granted exemption for "all sales made to religious . . . corporations, in the conduct of the regular religious . . . functions and activities." Life Science did not submit any financial statements or other information concerning its income and expenditures, as required by the application form. On May 2, 1977, the department's Sales and Use Tax Division denied the application on the basis that Life Science was not a corporation.

Life Science appealed, and a hearing on that appeal was held on March 1, 1978. At the hearing, E. L. Peister appeared on behalf of and as leader of Life Science. When asked if he wished to have an attorney represent him, he responded that he represented the church and that the church, not he, had filed the application.

Peister's son, Steven, was the only witness called by Life Science during the hearing. As the association's secretary, Steven Peister testified respecting its organizational meeting, some of its ceremonial activities, and his official duties. However, alleging religious objections, he refused to answer numerous questions asked on cross-examination respecting particular charitable works performed by Life Science, its income and expenses, and other details of its activities. When called as an adverse witness by the department, he also refused, on religious grounds and on Fourth and Fifth Amendment grounds, to answer questions about Life Science's finances and administration and the compensation of its leader. On numerous occasions E. L. Peister, as the spiritual leader of the association, instructed his son not to answer questions about specific Life Science activities and procedures.

The department sought to obtain testimony from E. L. Peister as an adverse witness, but he refused to testify on the ground that no one would be available to defend the church's position. At the conclusion of the hearing the matter was taken under advisement.

Effective March 8, 1978, several pertinent provisions of § 39–26–114, C.R.S. 1973, were amended. The amended statute granted exemption for "all sales made to charitable organizations, in the conduct of their regular functions and activities . . . ." Section 39–26–114(1)(a)(II), C.R.S. 1973

(1979 Cum.Supp.). A charitable organization included "any entity organized and operated exclusively for religious . . . purposes . . . ." Section 39–26–102(2.-5), C.R.S. 1973 (1979 Cum.Supp.).

On April 10, 1978, the hearing officer ruled that Life Science had failed to establish that it was a religious corporation or entity under the statutory provisions in effect on October 21, 1976, and had failed to establish that it was a religious organization under the amended statute. He concluded that Life Science did not qualify for a sales tax exemption. The department adopted that decision, and Life Science and E. L. Peister filed a complaint for review on April 24, 1978.

During the review proceedings the trial court advised Life Science to obtain an attorney and permitted E. L. Peister to participate in his individual capacity only. On May 30, 1979, the trial court concluded that the department was neither arbitrary nor capricious and did not abuse its discretion in determining that Life Science had failed to establish it was a religious organization within the meaning of either of the statutes applied by the director. That judgment is the subject of this appeal.

■ E. L. Peister has filed a brief on appeal as head of the church. As he admittedly was not the applicant, he has no standing to appeal. However, his brief will be treated as an *amicus curiae* brief pursuant to C.A.R. 29.

Life Science contends that because the department was required to apply the provisions of § 39–26–114, C.R.S. 1973, in effect on October 22, 1976, reference to the subsequently amended statute in its decision requires reversal. We disagree.

■ The amendments to § 39–26–114 adopted by the General Assembly effective March 8, 1978, were substantive in nature. Hence, Life Science's application must be determined on the basis of the statutory provisions in effect at the time it sought tax exemption. *Colo.Const.* Art. II, Sec. 11.

■ However, Life Science had the burden of presenting sufficient evidence to establish that it was a religious organiza-

tion within the meaning of § 39–26–114(1)(b) to qualify for the tax-exempt status it sought. *See Security Life & Accident Co. v. Heckers*, 177 Colo. 455, 495 P.2d 225 (1972). The nature of its programs, its sources of finances, the means by which it established policy, and its expenses, including salaries, were matters relevant to the issue of whether it was in fact a religious organization. Its consistent refusal to supply such information prevented the department from determining whether it in fact was a religious organization within the meaning of § 39–26–114(1)(b), C.R.S. 1973, as that statute existed on October 22, 1976. The department's decision is supported by substantial evidence and thus does not constitute an abuse of discretion. *See Dolan v. Rust*, 195 Colo. 173, 576 P.2d 560 (1978).

■ Life Science's application was properly denied under the statutory provisions it agrees should apply. Thus, the department's consideration of the amended statute did not result in substantial prejudice to the rights of Life Science, and therefore, at most, it constitutes harmless error. *See Bigler v. Richards*, 151 Colo. 325, 377 P.2d 552 (1963).

■ Life Science further contends that the definition of "charitable organization" contained in § 39–26–102(2.5), C.R.S. 1973 (1979 Cum.Supp.) is unconstitutionally vague. As that statutory section is not applicable to this decision, this argument is academic.

■ Life Science finally contends that both the regulations and the procedures of the department for considering requests by charitable organizations for tax exemption are unconstitutional. These arguments were not presented to the trial court; therefore, they will not be considered on appeal. *Hessling v. City of Broomfield*, 193 Colo. 124, 563 P.2d 12 (1977).

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.