Richard L. McCABE, Plaintiff-Appellant,

v.

UNITED BANK OF BOULDER, Defendant-Appellee.

No. 81CA0869.

Colorado Court of Appeals, Div. III.

July 22, 1982.

Rehearing Denied Aug. 26, 1982.

Certiorari Denied Feb. 7, 1983.

Crane & Lewis, Steven Crane, Westminster, for plaintiff-appellant.

Holme, Roberts & Owen, John R. Webb, Daniel J. Dunn, Denver, for defendant-appellee.

KIRSHBAUM, Judge.

Plaintiff, Richard L. McCabe, appeals the trial court's summary judgment dismissing his complaint against defendant, United Bank of Boulder (United). We affirm.

The following facts are undisputed. In 1974, McCabe and two other investors owned a long-term leasehold interest in certain real property upon which they planned to develop a condominium project. They obtained financing for the project from Majestic Savings and Loan Association (Majestic). The construction loan agreement obligated the investors to obtain a $28,000 letter of credit in favor of Majestic from United. In late December 1974, Majestic executed a draft on the letter of credit, and United honored it. Shortly thereafter, United requested additional security from the investors for the letter of credit. On January 10, 1975, the investors executed a promissory note, secured by certain stock, in favor of United in the principal sum of $35,095.82.

In February 1975, United commenced an action against McCabe and his associates to collect on the promissory note and recorded a lis pendens on the condominium project. Pursuant to subsequent settlement negotiations, United's suit was dismissed with prejudice and the lis pendens was removed; the maturity date of the promissory note was

extended to December 31, 1975; and the investors executed a deed of trust encumbering the condominium project as additional security for the note. Thereafter, Majestic foreclosed on the condominium project because the investors' deed of trust to United violated the construction loan agreement.

On May 14, 1975, United once again sued McCabe and the other investors on the promissory note. United's complaint alleged, *inter alia,* that the note was secured by certain stock and a deed of trust; that the investors' leasehold interest had been terminated; that the investors' financial situation was "perilous"; that United believed in good faith that the prospect of payment of the note was "seriously impaired"; and that the promissory note provided for acceleration of amounts owing in the event "the prospect of payment is impaired." McCabe failed to answer, and on November 5, 1975, default judgment was entered against him. The other investors did answer, and also asserted various counterclaims against United.

Approximately four years later, on December 6, 1979, McCabe instituted this suit. His complaint asserts eight claims for relief against United based upon United's conduct in filing the February 1975 lawsuit and lis pendens and in procuring the deed of trust encumbering the condominium project. McCabe also alleges that he lost his financial interest in the condominium project as a result of United's wrongful actions.

In January 1981, the trial court granted United's motion for summary judgment on the ground that McCabe's claims were compulsory counterclaims under C.R.C.P. 13(a) which he should have raised in the 1975 action.

### I.

McCabe contends that his claims against United in this lawsuit were not compulsory counterclaims in United's 1975 action against him. We disagree.

C.R.C.P. 13(a) provides, in pertinent part, as follows:

"A pleading shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it *arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* . . . ." (emphasis added)

In *Visual Factor, Inc. v. Sinclair,* 166 Colo. 22, 441 P.2d 643 (1968), our Supreme Court construed C.R.C.P. 13(a). That case also concerned a trial court's dismissal by summary judgment of a complaint on the ground that the claims raised therein were compulsory counterclaims which should have been asserted in a prior lawsuit involving the same parties. The Supreme Court affirmed, stating that "a counterclaim may be compulsory where it arises from the same events as does the prior claim, even though the evidence needed to establish the opposing claims may be quite different." *Visual Factor, Inc. v. Sinclair, supra.* The Court adopted a "logical relationship" test to determine whether a claim against an opposing party is a compulsory counterclaim.

The logical relationship test, which has been adopted by several federal circuit courts of appeal in construing Fed.R. Civ.P. 13(a), inquires, "Is there any logical relation between the claim and the counterclaim?" *Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357 (5th Cir.1979); *Pipeliners Local Union No. 798 v. Ellerd,* 503 F.2d 1193 (10th Cir.1974). In applying this test, a trial court must determine whether the claims involve all or many of the same factual and legal issues, or offshoots of the same basic controversy between the parties. *Xerox Corp. v. SCM Corp.,* 576 F.2d 1057 (3d Cir.1978). A logical relationship exists when the counterclaim arises from the same "aggregate of operative facts" as the opposing party's claim. *Revere Copper and Brass Inc. v. Aetna Casualty and Surety Co.,* 426 F.2d 709 (5th Cir.1970). The test constitutes a broad, flexible, and practical standard, which prevents the filing of a multiplicity of actions and encourages the resolution of all disputes arising out of a common factual matrix in a single lawsuit. *See,*

*e.g., Plant v. Blazer Financial Services, Inc., supra; Harris v. Steinem,* 571 F.2d 119 (2d Cir.1978); *cf. City of Westminster v. Phillips-Carter-Osborn, Inc.,* 164 Colo. 378, 435 P.2d 240 (1967).

Here, a logical relationship exists between McCabe's claims in this case and United's claims in its May 1975 suit against McCabe. All the claims arose out of the credit transaction between the parties. The promissory note, the deed of trust, and McCabe's loss of his financial interest in the condominium project inexorably link McCabe's present claims and United's earlier claims. Thus, McCabe having failed to raise these claims in 1975, is precluded from asserting them in 1979. *See Torbit v. Griffith,* 37 Colo.App. 460, 550 P.2d 350 (1976).

McCabe's reliance on *Beathune v. Cain,* 30 Colo.App. 321, 494 P.2d 603 (1971) and *Citizens State Bank v. Duus,* 154 Mont. 18, 459 P.2d 696 (1969) is misplaced. The two actions involved in each of those cases were not logically related to one another because they did not arise out of the same operative nucleus of facts and law.

## II.

■ Relying upon *Wood v. Jensen,* 41 Colo.App. 301, 585 P.2d 309 (1978), United requests this court to enter an order permitting it to recover attorney fees. The record reveals that United did not make such a request in the trial court; therefore, we cannot award attorney fees incurred at the trial court level. *See generally First Lutheran Mission of the Knolls v. Department of Revenue,* 44 Colo.App. 417, 613 P.2d 351 (1980). We conclude that this appeal is not frivolous; hence, we deny United's motion.

The judgment is affirmed.

SMITH and KELLY, JJ., concur.