**DENVER AIR CENTER, a Colorado corporation and Main Turbo Systems, a California corporation, West Winds Aviation, a California corporation and Allied–Signal Inc., d/b/a Garrett General Aviation Services Division, a Delaware corporation, Petitioners,**

v.

**DISTRICT COURT FOR The TWENTIETH JUDICIAL DISTRICT OF The STATE OF COLORADO, and the Honorable Murray Richtel, one of the Judges thereof, solely in his capacity as a Judge, Respondents.**

**No. 92SA246.**

Supreme Court of Colorado,
En Banc.

Nov. 9, 1992.

---

Treece, Alfrey & Musat, P.C., L. Richard Musat, Nancy L. Pearl, Denver, for petitioner Denver Air Center, Inc.

Weller, Friedrich, Ward & Andrew, Mary A. Wells, Denver, for petitioner Main Turbo Systems.

Byrne Kiely & White, Thomas J. Byrne, Michael P. Matthews, Denver, for petitioner West Winds Aviation.

Williams, Youle & Koenigs, P.C., Michael A. Williams, Steven D. Plissey, Denver, for petitioner Allied–Signal Inc.

Buchanan, Gray, Purvis & Schuetze, Robert A. Schuetze, John A. Purvis, Glen F. Gordon, Boulder, for plaintiff Ralph D. Janitell III.

Justice VOLLACK delivered the Opinion of the Court.

Denver Air Center, Inc., Main Turbo Systems, West Winds Aviation, and Allied–Signal Inc. requested this court to issue a rule to show cause why this court should not order the Boulder District Court to transfer this action to Jefferson County. The defendants contend that the Boulder District Court wrongfully denied their motion for a change of venue. We issued a rule to show cause and now make that rule absolute.

## I.

Plaintiff Ralph D. Janitell III (Janitell) contemplated purchasing a Cessna T–210 single engine airplane from Denver Air Center, Inc. Janitell arranged to travel in the airplane from Jefferson County Airport to Colorado Springs Airport on April 19, 1991. The flight commenced as scheduled, but during the flight the airplane sustained mechanical trouble. The pilot attempted an emergency landing in Littleton, Colorado. The airplane crashed on a residential street in Littleton.

On March 17, 1992, Janitell filed a complaint[1] against Denver Air Center, Main Turbo Systems, West Winds Aviation, and Allied–Signal Inc. (the defendants) in Boulder County District Court. The complaint stated the following: Denver Air Center is a Colorado corporation with its principal place of business in Jefferson County; Main Turbo Systems is a California corporation with its principal place of business in Visalia, California; West Winds Aviation is a California corporation with its principal place of business in Van Nuys, California; and Allied–Signal is a foreign corporation with its principal place of business in Los Angeles, California. The complaint also stated that the accident occurred in the town of Littleton, which is located in Arapahoe County. Janitell stated that he resided in the town of Golden, which is located in Jefferson County. In paragraph 13, the

---

1. Janitell sought damages for injuries he sustained as a result of the accident. Alleging that all of the defendants either manufactured, repaired, or inspected the aircraft, Janitell premised his contentions on theories of negligence, strict liability in tort, breach of warranty, and negligent misrepresentation.

complaint designates venue in Boulder County pursuant to C.R.C.P. 98(c)(1).

On April 1, 1992, Denver Air Center filed a motion for change of venue, contending that Boulder County had no contacts with the action. Denver Air Center stated that no party to the action resides in Boulder County and that the accident underlying the action did not take place there.[2] Denver Air Center contended that Jefferson County was the proper venue under C.R.C.P. 98 because the only defendant located within Colorado resides in Jefferson County. Main Turbo Systems joined in Denver Air Center's motion.

Janitell responded to the defendants' motion by contending that a plaintiff may designate any county in which to bring an action when a defendant is a nonresident of the state of Colorado. Janitell contended that venue "does not have to be 'perfect' or 'proper' for every single party to [the] action." Thus Janitell reasons that venue is proper for all defendants because it is proper for at least one nonresident defendant.

Allied–Signal filed a motion to join in Denver Air Center's motion for change of venue on April 22, 1992. On April 23, before any of the defendants replied to Janitell's response, the district court denied the motion for change of venue. The district court based its denial solely on the ground that one defendant was a nonresident defendant. West Winds subsequently filed a motion to dismiss and joined in Denver Air Center's motion for change of venue. Denver Air Center filed a motion to reconsider the ruling denying the motion for change of venue. Denver Air Center also filed a reply to Janitell's response to the motion for change of venue.

On June 10, 1992, the district court denied Denver Air Center's motion for reconsideration, incorporating the reason stated in its original denial. The defendants subsequently petitioned this court for relief pursuant to C.A.R. 21, and we issued a rule to show cause why the defendants' requested relief should not be granted.

## II.

C.R.C.P. 98(c) governs venue for actions in tort. Subsection (c)(1) states:

> [A]n action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county; or if the defendant is a nonresident of this state, the same may be tried in any county in which the defendant may be found in this state, or in the county designated in the complaint.

Subsection (c)(5) provides that an action for tort may also be tried in the county where the tort was committed. The case before us involves a combination of parties that the rule does not expressly address: one resident defendant, Denver Air Center; and three nonresident defendants—Main Turbo Systems, West Winds Aviation, and Allied–Signal.

Janitell urges this court to find that, when a suit involves a nonresident defendant, venue is proper in the county designated by plaintiff. The defendants conversely contend that the word "shall" in Rule 98(c) dictates that venue is only proper where the Colorado defendant, Denver Air Center, resides. Both proposed interpretations are unpersuasive.

The purpose of venue requirements is to impose a territorial limitation on the forum in which an action may be commenced. *See People ex rel. Lackey v. District Court,* 30 Colo. 123, 126, 69 P. 597, 598 (1902). The general rule is that personal actions may be tried in either the county in which the defendant resides, or any of them reside, or in the county where the plaintiff resides when service is made on the defendants in such county. *Lamar Alfalfa Milling Co. v. Bishop,* 80 Colo. 369, 372, 250 P. 689, 690 (Colo.1926).

The language of the rule has been interpreted to permit trial of an action in the

---

**2.** In its motion for change of venue, Denver Air Center noted that counsel for Janitell maintains an office in Boulder County.

county of plaintiff's choice where no defendant is a resident of Colorado. *International Serv. Ins. Co. v. Ross*, 169 Colo. 451, 462, 457 P.2d 917, 923 (1969). However, where at least one defendant resides in the state of Colorado, such an interpretation is unwarranted.

■ The Rules of Civil Procedure should be liberally construed, and, when required, the supreme court has a duty to harmonize the Rules of Civil Procedure which appear dissonant under certain circumstances. *City of Westminster v. Phillips–Carter–Osborn, Inc.*, 164 Colo. 378, 382–83, 435 P.2d 240, 243 (1967); *Graham v. District Court in and for Jefferson County*, 137 Colo. 233, 236, 323 P.2d 635, 636 (1958). C.R.C.P. 98(c) first provides that actions shall be tried in the county in which any of the defendants may reside at the commencement of the action, or in the county where the plaintiff resides when the plaintiff serves process on the defendant in that county. The rule next provides that if a defendant is not a Colorado resident, the action may be tried in the county of plaintiff's choice.

Janitell's proposed interpretation of the rule asks this court to disregard the rule's first provision governing venue with respect to resident defendants. Janitell's proposed interpretation suggests that, whenever a nonresident defendant is named in a complaint, then venue lies wherever plaintiff so designates, regardless of both the residence of other named defendants and of the location of the underlying tort. Such an interpretation suggests that the second provision of the rule carries more force than the first, and runs contrary to the general rule that venue is proper either where a defendant resides or where a plaintiff resides and serves process on a defendant. Janitell's interpretation would enable plaintiffs to "shop" for the most favorable venue merely by naming a nonresident defendant in a complaint.

■ A harmonious construction of the rule requires that, when at least one defendant is a Colorado resident, plaintiff may not designate a county that is unrelated to either the defendant's county of residence, the plaintiff's county of residence, or the county in which a tort occurred. C.R.C.P. 98(c). We thus reject Janitell's contention.

The defendants conversely contend that venue is only proper in Jefferson County. The defendants rely on the presence of the word "shall" in the first provision of the rule. We have stated, however, that the venue rule provides for equally proper counties for actions in tort. *Carlson v. Rensink*, 65 Colo. 11, 12, 173 P. 542, 542 (1918) (citing *Denver & Rio Grande R.R. Co. v. Cahill*, 8 Colo.App. 158, 162–63, 45 P. 285 (1896)). Were we to adopt the defendant's proposed interpretation, we would eviscerate subsection (c)(5), which provides that venue in an action for tort may lie in the county where the tort occurred. C.R.C.P. 98(c)(5). We would also remove from trial judges the discretion to grant changes of venue when the interests of justice so require, pursuant to C.R.C.P. 98(f). We are not inclined to do so, and thus reject the defendants' proposed interpretation.

### III.

"It is clear under numerous decisions of this court that when a party requests a change of venue upon a ground which entitles it to the change as a matter of right the trial court loses all jurisdiction except to order the change." *Ranger Ins. Co. v. District Court*, 647 P.2d 1229, 1231 (Colo. 1982). In the present case, the defendants filed a motion for a change of venue from Boulder County to Jefferson County on the ground that neither the plaintiff nor the Colorado defendants reside in Boulder County and that the tort underlying the action did not occur there. Based on the foregoing analysis, we conclude that the district court erred by not granting the defendants' motion to change venue to Jefferson County. We thus make the rule to show cause absolute.